Sol Hecht, Plaintiff, *v.* Commuter's Cafe Inc., et al., Defendants.

Supreme Court, Special Term, New York County, June 17, 1948.

*M. Mortimer Lancet* for defendants.

*Benjamin Schenkman* for plaintiff.

Hecht, J. The complaint sets forth an action for breach of contract wherein plaintiff was to perform certain painting and decorating and was to execute and complete five murals, and generally assist defendants in the redecoration and renovation of the restaurant owned by them, at the agreed price of $3,600.

As a second cause of action the complaint demands the sum of $600 for certain sketches made by plaintiff and delivered to defendants at their instance and request.

The answer consists of a general denial, an affirmative defense of accord and satisfaction, and an affirmative defense of illegality of contract.

Defendants move pursuant to rule 112 of the Rules of Civil Practice for judgment on the pleadings. They claim that the complaint, read in conjunction with plaintiff's bill of particulars, conclusively establishes that plaintiff, who does not allege that he is a licensed architect, agreed to and did perform substantial services which fall within the definition of the practice of architecture as set forth in section 7301 of the Education Law.

The bill of particulars, which defendants properly claim may be considered on this motion, alleges, among other things, that plaintiff " submitted a plan for the arrangement of the entire restaurant " and paragraph third thereof states that " plaintiff also agreed to assist the defendants and all of them in procuring estimates from various subcontractors and contractors, carpentry, plastering, upholstering, mirrors, draperies and other items which the defendant might require from time to time."

Section 7301 of the Education Law defines the practice of architecture as follows: " 3. A person practices architecture within the meaning and intent of this article, who holds himself out as able to perform or who does perform any professional service such as consultation, investigation, evaluation, planning, design, including aesthetic and structural design, or responsible supervision of construction, in connection with any private or public buildings, structures or projects, or the equipment or utilities thereof, or the accessories thereto, wherein the safeguarding of life, health or property is concerned or involved, *when such professional service requires the application of the art and science of construction based upon the principles of mathematics, aesthetics and the physical sciences.*" (Italics supplied.)

It is therefore apparent that a design becomes an architectural design only when it is drawn for the purpose of construction according to architectural detail, in scale and in accordance with the principles of mathematics, aesthetics and the physical sciences.

It would appear, as plaintiff claims, that the sketches or plans drawn by plaintiff for defendants were made by him as an artist or decorator and not as an architect. From their

examination the court cannot hold, as a matter of law, that they are architectural plans or designs within the intendment of the statute.

The case of *American Store Equipment & Constr. Corp.* v. *Dempsey's Punch Bowl* (174 Misc. 436, 437, affd. 258 App. Div. 794, affd. 283 N. Y. 601), relied upon by defendants, is readily distinguishable from the case at bar. There, Mr. Justice ROSENMAN found as a fact that " Though there were other services to be rendered, such as designing, arranging and decorating, there were also the preparation of plans and the supervision of construction work which are the usual functions of an architect."

It very well may be that a question of fact may be created at the trial if defendants can prove that plaintiff held himself out as an architect and agreed to, and in fact did, perform architectural work.

Motion for judgment on the pleadings denied.