■ P.C. CHIPOURAS AND ASSOCIATES, INC., Appellant, v 212 REALTY CORP., Respondent.—In an action to recover compensation for work, labor and services, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (McCabe, J.), dated May 5, 1988, which, *inter alia,* upon a nonjury verdict in favor of the defendant and against it, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The defendant 212 Realty Corp. is a real estate corporation formed by a group of doctors for the purpose of constructing a medical office building. The defendant retained DeMour Construction Corporation (hereinafter DeMour) to handle the construction. DeMour retained the plaintiff to design the building. In May 1984 the defendant dismissed DeMour from the project. However, the defendant asked the plaintiff's president, Peter Chipouras, to continue on the project. Subsequently, the defendant learned that Chipouras was not an architect and terminated the plaintiff's services.

Upon a review of the record, we find that the court properly found that Peter Chipouras was practicing architecture without a license in violation of Education Law § 7302. The testimony established that the plaintiff produced the actual construction bid documents which clearly are architectural products *(see generally, Marshall-Schule Assocs. v Goldman,* 137 Misc 2d 1024; *Hecht v Commuter's Cafe,* 193 Misc 170). The level of review or participation in the construction drawings by a licensed architect allegedly working on the project was not sufficient to render the work product his own. Therefore, the plaintiff, having engaged in the practice of architecture without a license, is precluded from recovering for the work performed *(see, Hammerman v Jamco Indus.,* 119 AD2d 544; *see also, Charlebois v Weller Assocs.,* 72 NY2d 587).

The plaintiff's contention that a novation occurred when the defendant employed the plaintiff to continue with its obligations under its contract with DeMour is not compelling. Although the requisite elements of a previous valid obligation, extinguishment of the old contract and a valid new contract appear, there is no agreement of all parties to the new obligation *(see, Wasserstrom v Interstate Litho Corp.,* 114 AD2d 952).

We also find that the plaintiff is not entitled to recover for the work which it performed that was not architectural in nature or for the work performed by certain licensed professionals. The implied contract between the plaintiff and the defendant was an entire indivisible contract to design the building and to prepare the bid documents. As such, when the plaintiff engaged in the practice of architecture without a license, the whole contract became unenforceable *(see, American Store Equip. & Constr. Corp. v Dempsey's Punch Bowl,* 174 Misc 436, 437, *affd* 258 App Div 794, *affd* 283 NY 601). Bracken, J. P., Brown, Kunzeman and Kooper, JJ., concur.