■ MILES GORDON, Appellant-Respondent, v ROBERT ADENBAUM et al., Respondents-Appellants.—In an action to recover damages for breach of a personal services contract, the plaintiff appeals, on the ground of inadequacy, and the defendants cross-appeal, from a judgment of the Supreme Court, Suffolk County (Underwood, J.), entered October 3, 1989, which, after a nonjury trial, is in favor of the plaintiff and against the defendants in the principal sum of $3,000.

Ordered that the judgment is reversed, on the law, with costs to the defendants, and the complaint is dismissed.

The plaintiff and the defendants entered into an oral contract in New York, under which the plaintiff was to provide architectural services for the defendants' project in Florida. The plaintiff was not a licensed architect in Florida, yet represented that he was qualified for the project. When the plaintiff failed to get the plans sealed and approved by the building department, the defendants refused to pay the plaintiff for any of his services. After a nonjury trial, the court awarded the plaintiff $3,000 for that portion of his services which constituted consultation and did not involve the practice of architecture per se.

It is clear that the Supreme Court correctly found that the plaintiff was practicing architecture in Florida without a license; however, it incorrectly determined that the plaintiff was entitled to a recovery. It is well settled that not being licensed to practice in a given field which requires licensure precludes recovery for the services performed, "either pursuant to contract or in quantum meruit" *(Charlebois v Weller Assocs.,* 72 NY2d 587, 593; *see, Chipouras & Assocs. v 212 Realty Corp.,* 156 AD2d 549; *Hammerman v Jamco Indus.,* 119 AD2d 544, 545; *see also,* Fla Stat § 481.223; *Rolls v Bliss & Nyitray,* 408 So 2d 229 [Fla]; *Gaisford v Neuschatz,* 201 So 2d 635 [Fla]). Additionally, the plaintiff's unlicensed practice of architecture cannot be separated from his work as a consultant, because it is all part of one indivisible contract *(see, Chipouras & Assocs. v 212 Realty Corp., supra,* at 550; *Ameri-*

*can Store Equip. & Constr. Corp. v Dempsey's Punch Bowl,* 174 Misc 436, 437, *affd* 258 App Div 794, *affd* 283 NY 601). Therefore, the court improperly compensated the plaintiff for so much of the work that consisted of consultation. Bracken, J. P., Kunzeman, O'Brien and Ritter, JJ., concur.