*676 OPINION OF THE COURT
Memorandum.
Order insofar as appealed from unanimously affirmed with $10 costs.
In this action to recover first-party no-fault benefits, defendant’s verified answer alleged six affirmative defenses asserting various improprieties in the manner plaintiff was conducting its business, including that the corporation, formed by a Dr. Lahiri, did not provide medical services, and that fraud was being committed both as to the services rendered and in its billings. Many of these defenses (with a complete factual background) were raised against plaintiff herein and Dr. Lahiri, as defendants in the case of State Farm Mut. Auto. Ins. Co. v Mallela (175 F Supp 2d 401). Cases in New York have held that proper licensing of a medical provider is a condition precedent to payment (see GEICO v Southern Med. Devices, Sup Ct, NY County, Nov. 5, 1993, Ciparick, J., Index No. 118101/93; North Bronx Med. v State Farm, Sup Ct, NY County, May 8, 2001, Lebedeff, J., Index No. 105274/01; Advanced Care of N.Y. v Friscia, Sup Ct, Kings County, Feb. 22, 2000, Hall, J., Index No. 32528/99). In light of the Insurance Law’s requirement that insurers enact fraud prevention plans (Insurance Law § 409), and the New York State Department of Insurance’s opinion letters urging insurers to be more vigilant about potential fraud, discovery requests pertaining to plaintiff’s license status and corporate structure, which are related to allegations of fraudulent billing, are proper discovery subjects (see Valley Physical Med. v Progressive Ins. Co., Sup Ct, Nassau County, Nov. 2, 2001, Franco, J., Index No. 16993/99).
Floyd, P.J., Doyle and Winick, JJ., concur.