OPINION OF THE COURT
Eileen N. Nadelson, J.
*716 This action arose pursuant to the provisions of New York’s No-Fault Insurance Law.
Plaintiff submitted a claim to defendant insurer for first-party benefits for an MRI it performed on its assignor’s knee pursuant to a prescription written by a chiropractor. Defendant timely denied the claim based on a peer review by a chiropractor, alleging that the MRI was not medically necessary.
At trial, the question arose as to whether this claim for an MRI of the assignor’s knee performed by plaintiff pursuant to a prescription written by a licensed chiropractor may be recovered under the No-Fault Law from an insurer. Defendant insurer alleges that chiropractors are not permitted to prescribe MRIs for the knee, and therefore any prescription written by a chiropractor for a part of the human body it is not permitted to treat is automatically medically unnecessary. After research and argument, the court finds this is an issue of first impression.
The basic questions presented in this case concern whether a given diagnostic tool is medically necessary regardless of the medical professional who orders it and the degree of inquiry, if any, a medical supplier must perform regarding the authority of the prescribing doctor to write the prescription in question in order to recover first-party no-fault benefits.
Chiropractors are licensed in this state pursuant to the New York State Education Law. Under section 6551 (1) of the Education Law, the profession of chiropractic is defined as “detecting and correcting by manual or mechanical means structural imbalance, distortion, or subluxations in the human body for the purpose of removing nerve interference and the effects thereof, where such interference is the result of or related to distortion, misalignment or subluxation of or in the vertebral column.”
This section of the statute continues to enumerate various restrictions imposed on chiropractors with respect to the methods of treatment they may employ and the diseases and malfunctions they may or may not treat, as well as the nature of the medicines and medical supplies they may prescribe. The court notes that this portion of the Education Law does not mention the use or prescription of MRIs.
In Bako v Decaro (2002 NY Slip Op 50271[U], *4 [Civ Ct, Richmond County 2002]), the court stated that a licensed chiropractor may use “for diagnostic purposes those clinical laboratory services which are contained within the required coursework of all registered doctoral programs in chiropractic in the *717 State.” The court further noted that the study of MRIs is part of the core curriculum at chiropractic schools licensed in the State of New York. In its decision, the court concluded that section 6551 of the Education Law does not prevent chiropractors from using MRIs as a diagnostic tool. In this case the chiropractor whose bills were in question analyzed MRIs ordered by a neurologist on an area of the patient’s body that went beyond the vertebral column.
In a case of first impression, the court in ABC Med. Mgt. v GEICO Gen. Ins. Co. (3 Misc 3d 181 [Civ Ct, Queens County 2003]) held that a medical equipment supplier can recover no-fault first-party benefits for prescriptions written by a chiropractor.
Based on the provisions of the Education Law and the two above-cited cases, the court concludes that, as a general rule, a medical supplier may recover first-party no-fault benefits for prescriptions for MRIs written by a chiropractor. However, this conclusion does not answer the immediate question, which relates to an MRI prescription written by a chiropractor for a part of the human body not within his licensed ability to treat.
As part of its case-in-chief, defendant called a chiropractor as its expert witness who testified that chiropractors do not prescribe MRIs for a patient’s knee because that joint is not within a chiropractor’s area of expertise and training. Usually, the chiropractor will refer the patient to an orthopedist for treatment and diagnosis of a knee who may then, in turn, order an MRI of the knee. Evidence at trial indicated that the prescribing chiropractor referred the patient to a physician who examined the knee but did not prescribe an MRI.
Defendant’s expert further testified that a chiropractor will use an MRI of the knee as a diagnostic tool because, although vertebral problems do not cause symptoms in the extremities, the opposite is not true, and a problem in a patient’s knee may result in symptoms appearing on the vertebral column. This witness also testified that chiropractors do prescribe MRIs for the vertebral column.
Based on the testimony of defendant’s expert witness, the court concludes that it is not unusual for a chiropractor to prescribe an MRI of the vertebral column or to use an MRI of a patient’s knee prescribed by another medical specialist as a means of diagnosing a patient’s problem. Therefore, simply because chiropractors do not prescribe MRIs of the knee does not mean that such a diagnostic tool is not medically necessary *718 in a given instance. The court notes that no evidence was proffered that the MRI in question was of no assistance to the treating chiropractor.
The only issue remaining, therefore, is whether there is a legal duty imposed on the medical supplier or provider to investigate the authority of the author of the prescriptions it fills in order to receive first-party no-fault benefits for the services it provides.
This court could find no legal authority on point, either legislative or judicial. The court notes that this situation is different from those in which the provider or supplier is not licensed or authorized to perform the services being billed, for which recovery under the No-Fault Law does not lie. (Valley Physical Medicine & Rehabilitation v New York Cent. Mut. Ins. Co., 193 Misc 2d 675 [App Term, 2d Dept 2002].) In the instant case the assignee supplier is licensed to perform the services rendered, and there is no dispute as to the fact that the services were performed.
Based on the specific facts presented in this case, the court concludes that it was not unreasonable for plaintiff to prepare an MRI prescribed by a licensed chiropractor and that there is no evidence that this MRI was not medically necessary as a diagnostic tool. Therefore, plaintiff may seek recovery for the services it rendered from its assignor’s insurer. This is not a situation in which the prescription would be so unusual or extraordinary so as to raise questions of the authority of the prescribing doctor which might impose a duty of inquiry.
If there were any wrongdoing, it would be the action of the chiropractor, not the plaintiff nor the plaintiff’s assignor. Consequently, there would be no reason to preclude recovery under the No-Fault Law.
Judgment for plaintiff in the amount of $878.67 plus statutory interest, costs and attorneys’ fee.