*37 OPINION OF THE COURT
Memorandum.
Order insofar as appealed from unanimously modified by granting the defendant’s cross motion to dismiss the complaint as to plaintiff A.B. Medical Services PLLC; as so modified, affirmed without costs.
Appeal by plaintiffs DAY Chiropractic PC., Daniel Kim’s Acupuncture EC. and G.A. Physical Therapy EC. unanimously dismissed.
In this action to recover assigned first-party no-fault benefits, the NF-3 claim forms attached by plaintiff A.B. Medical Services PLLC in support of its motion for summary judgment provided, under the item calling for information where the “treating provider is different than [the] billing provider,” that the licensed “treating provider” was Dr. Ronald Collins, M.D., and that the “business relationship” was that of “independent contractor.”
The applicable insurance regulations governing “direct payments” of no-fault benefits by the insurer provide that “[a]n insurer shall pay benefits . . . directly to the applicant or . . . upon assignment by the applicant . . . [to] the providers of services” (11 NYCRR 65.15 [j] [1], now 11 NYCRR 65-3.11 [a]). Pursuant to 11 NYCRR 65.15 (j) (1), a provider’s entitlement to seek recovery of no-fault benefits directly from the insurer is contingent upon an assignment of such benefits, and the assignment must be made to the “providers of services.” The section further circumscribes the assignability of no-fault benefits to an assignment made “by the applicant” to the providers of services. There is no authorization under this section, or elsewhere in the insurance regulations, entitling the assignment of no-fault benefits by a provider.
It is undisputed on the record that both A.B. Medical and Dr. Collins are licensed providers of health care services, and, as such, both may be independently entitled to recover no-fault benefits for medical services they rendered. A.B. Medical, as the billing provider seeking recovery of assigned no-fault benefits for medical services which were not performed by it or its employees, but by an independent contractor identified as the “treating provider” on NF-3 claim forms, is not a “provider” of the instant services within the meaning of section 65.15 (j) (1) (now 11 NYCRR 65-3.11 [a]), and is hence not entitled to recover “direct payment” of assigned no-fault benefits from the *38 defendant insurer. Accordingly, the order of the court is hereby modified by providing that defendant’s cross motion for summary judgment dismissing the complaint as to plaintiff A.B. Medical is granted.
Our decision is consistent with the Insurance Department’s interpretation of the insurance regulations (see Informal Ops dated Feb. 21, 2001, Feb. 5, 2002, Mar. 11, 2002, Oct. 21, 2003) which are entitled to great deference (see Matter of Medical Malpractice Ins. Assn. v Superintendent of Ins. of State of N.Y., 72 NY2d 753 [1988], cert denied 490 US 1080 [1989]).
Inasmuch as no issue is raised by the remaining appellants, the appeal with respect to them is dismissed (see Praeger v Praeger, 162 AD2d 671 [1990]).
Pesce, EJ., Rios and Belen, JJ., concur.