OPINION OF THE COURT
Denis J. Butler, J.
Plaintiff, Multiquest, PLLC, brought suit to recover payment under the No-Fault Law for medical services provided to assignor Paulette Cleckley. Plaintiff moves for summary judgment pursuant to CPLR 3212. Defendant cross-moves for summary judgment dismissing plaintiffs cause of action.
*1032 Plaintiff contends that it properly issued a claim on behalf of the assignor and that such claim was not timely denied. Defendant does not dispute the untimeliness of its denial. Defendant contends, however, that plaintiff is not entitled to recover payment for such medical services allegedly provided under the No-Fault Law as the plaintiff’s medical facility was fraudulently incorporated at the time the alleged services were rendered to the assignor. For the foregoing reasons, the court finds in favor of defendant.
Plaintiff proved that it submitted a timely and proper notice of claim, which defendant has not paid in full, for services rendered to the assignor beginning November 5, 1998. The defendant, according to its denial of claim form, received such claim on July 11, 2001 and issued an untimely denial on August 11, 2001, 31 days after the date of receipt. The No-Fault Law requires the insurer to either pay or deny the claim for no-fault benefits within 30 days from the date the applicant supplies proof of claim. (Insurance Law § 5106 [a]; 11 NYCRR 65.15 [g] [3].)
Defendant, in its cross motion, asserts that plaintiffs medical facility was fraudulently incorporated at the time the services were rendered to the assignor and that plaintiff is therefore not entitled to recover on such claim. In support, defendant provides a copy of plaintiffs application for employer identification dated September 4, 1998, which lists Yeugeny Gorbatov, a licensed acupuncturist, as president of Multiquest Psychological and Acupuncture Services, PLLC. Defendant also provides a copy of the Articles of Organization filed with the New York State Department of State on July 14, 1998, which lists Mr. Gorbatov and Kathryn Clarke, a licensed psychologist, as “original members and managers” of Multiquest Psychological and Acupuncture Services, PLLC.
Defendant also submits a copy of a stock certificate labeled “Number 2” which was issued to Dr. Joseph Indelicato on September 6, 2001 and which lists Dr. Indelicato as an owner of Multiquest. The defendant, in its affirmation in opposition, asserts that, as president of Multiquest, Mr. Gorbatov should have been issued stock certificate “Number 1” in 1998 when the company was first formed. Therefore, defendant contends that had there been a proper incorporation in 1998 a second stock certificate would have been issued by the medical facility to a licensed psychologist. However, the documents submitted on the motion herein do not indicate that Ms. Clarke or any other *1033 licensed psychologist was ever issued a stock certificate by the medical facility in 1998.
Defendant, in further support of such cross motion, submits a copy of a certified transcript of an examination under oath of Ms. Clarke dated April 26, 2004, wherein Ms. Clarke denied ever being a member or owner of Multiquest. Furthermore, Ms. Clarke stated that she never gave Multiquest permission to list her as a principal in the professional corporation. The court notes that defendant submitted, in the cross motion, the Articles of Organization filed by Mr. Gorbatov on July 14, 1998 listing Ms. Clarke as one of the owners. The defendant asserts in its cross motion that Mr. Gorbatov fraudulently listed Ms. Clarke as one of the owners in such document for the sole purpose of acquiring a valid New York state license to perform psychological services.
Plaintiff, in reply to defendant’s cross motion, merely asserts that defendant’s denials were untimely. With respect to defendant’s allegations of fraud and misconduct, plaintiff merely alleges that Ms. Clarke’s testimony is not credible as it was provided pursuant to an agreement wherein defendant agreed not to commence an action against Ms. Clarke in exchange for such testimony. Plaintiff, however, fails to submit any documentary proof rebutting defendant’s assertions of fraud or misconduct. Additionally, plaintiff fails to submit an affidavit from someone with personal knowledge of the facts disputing such allegations by defendant.
The Court of Appeals has ruled that under New York State’s No-Fault Law and implementing regulations, insurance carriers may withhold payment for medical services provided by fraudulently incorporated enterprises. (State Farm Auto. Ins. Co. v Mallela, 4 NY3d 313 [2005] [Mallela III].) The Mallela III court followed the Superintendent of Insurance’s promulgation prohibiting the reimbursement of benefits on behalf of unlicensed or fraudulently licensed providers. (11 NYCRR 65-3.16 [a] [12] [eff Apr. 4, 2002].) Accordingly, Mallela III ruled that medical providers fraudulently incorporated are therefore not entitled to reimbursement. Pursuant to the proof submitted in support of the motion and cross motion, it appears that plaintiff provider, Multiquest, was not properly licensed at the time the alleged medical services were provided. Additionally, defendant has submitted uncontroverted testimony under oath that the Articles of Organization improperly listed Ms. Clarke as an owner without her knowledge or consent.
*1034 The court now must determine whether 11 NYCRR 65-3.16 (a) (12) (eff Apr. 4, 2002) applies to claims made prior to the effective date of April 4, 2002 and, if so, whether such ruling applies when there is an untimely denial. This court finds that the intent of the Mallela III court was that 11 NYCRR 65-3.16 (a) (12) be applied to claims prior to April 4, 2002. The analysis of this court concurs with the decision in Metroscan Imaging PC v GEICO Ins. Co., to the extent that reading “the Mallela III decision as only pertaining to claims maturing post-April 4, 2002 is simply illogical” and would negate the intent of the Mallela III court. (Metroscan Imaging P.C. v GEICO Ins. Co., 8 Misc 3d 829, 834 [Civ Ct, Queens County 2005].) The Mallela III court, in considering such determination, relies on the argument presented in the amicus brief of the Superintendent of Insurance which alleges that such rule was promulgated to “combat rapidly growing incidences of fraud in the no-fault regime, fraud that he has identified as correlative with the corporate practice of medicine by nonphysicians.” (4 NY3d at 320 n 2.) Clearly, the Mallela III court strongly concurred with the findings of the Superintendent of Insurance that services provided by fraudulently licensed no-fault “providers” should not be reimbursed.
It is well settled that despite an untimely denial, an insurer is not precluded from raising the issue of coverage such as a breach of a condition precedent of the terms of the insurance contract. (Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d 274 [1997].) In addition, the court notes that proper licensing of a medical provider is a condition precedent to payment. (Valley Physical Medicine & Rehabilitation v New York Cent. Mut. Ins. Co., 193 Misc 2d 675 [App Term, 2d Dept 2002].)
Furthermore, defendant, in its cross motion, alleges that plaintiff in addition to being improperly incorporated is also seeking compensation for medical tests provided to the assignor which were administered by individuals who were not licensed to administer such tests. Business Corporation Law § 1504 (a) provides that a professional service corporation may not “render professional services except through individuals authorized by law to render such professional services as individuals.” At the examination under oath dated April 26, 2004, Ms. Clarke testified that she was merely employed as an independent contractor for Multiquest and that she witnessed “assistants” administering psychological testing to the patients. Pursuant to the New York Workers’ Compensation Psychology Fee Schedule, “psychological services will be rendered by or under the active *1035 supervision of an authorized, psychologist.” (12 NYCRR 333.2 [incorporated by reference].) It appears from the testimony of Ms. Clarke that Multiquest has provided psychological services which were not administered by or under the supervision of an authorized psychologist.
Accordingly, as the plaintiff has failed to proffer sufficient evidence to rebut defendant’s allegations that the medical provider was fraudulently incorporated at the time the alleged services were provided to the assignor and that it provided services by unlicensed psychologists, the medical services provided by the plaintiff to its assignor are therefore not covered under the No-Fault Law. Accordingly, plaintiff’s motion for summary judgment is denied, plaintiffs cross motion for summary judgment is granted and the case is dismissed.