OPINION OF THE COURT
Peter P. Sweeney, J.
*250 In this action to recover assigned first-party no-fault benefits, the novel issue presented is whether it is appropriate to grant leave to a plaintiff billing provider to amend a fatally defective proof of claim once the action to recover on the claim has been commenced. For the reasons set forth below, the court concludes such a motion should be denied.
Factual Background
The four plaintiff assignees, A.B. Medical Services PLLC, DAY Chiropractic EC., Daniel Kim’s Acupuncture EC. and G.A. Physical Therapy EC., commenced this action seeking to recover on multiple unpaid claims for assigned first-party no-fault benefits for medical services provided to their mutual assignor, Nelson Vargas.
The matter appeared before the undersigned for trial on June 16, 2005. Prior to the commencement of the trial, the parties entered into a written stipulation of admitted facts. Pursuant to the stipulation, the defendant admitted that it received all the proofs of claim at issue (the NF-3 claim forms). Defendant further admitted that it did not pay the claims in full within 30 days of their receipt and that the only payments it made on the claims were those referenced in plaintiffs’ complaint. Defendant admitted that it never requested verification of the claims following their receipt thereby tolling the 30-day period in which it had to pay or deny the claims.
Although the defendant claims to have issued timely denials of the claims asserting lack of medical necessity as its only defense, pursuant to the stipulation, defendant withdrew the denials and the defenses raised therein.
Defendant’s counsel correctly pointed out that in all of the NF-3s, copies of which were stipulated into evidence, the “treating providers” were identified as “independent contractors” of the plaintiff billing providers. Defendant maintained that, for this reason alone, the entire action must be dismissed. In support of its position, defendant cited A.B. Med. Servs. PLLC v Liberty Mut. Ins. Co. (9 Misc 3d 36 [App Term, 2d & 11th Jud Dists 2005]). Therein, the court held that a billing provider is ineligible to recover assigned first-party benefits where the medical services were provided by an independent contractor.
Plaintiffs maintained that defendant waived the independent contractor defense recognized in A.B. Med. Servs. PLLC by failing to timely object to plaintiffs’ claim forms and by failing to assert the defense in a timely denial. Plaintiffs further *251 maintained that the treating providers identified in the NF-3s were actually employees of the plaintiffs and that plaintiffs simply made a mistake by identifying them as independent contractors. Plaintiffs moved at trial for leave to amend the NF-3s to correct the mistake and asked for the opportunity to introduce evidence at trial to establish the treating providers’ correct status.
The court reserved decision on all issues and gave the parties permission to submit memorandums of law supporting their respective positions. The court permitted plaintiffs to offer evidence at trial on the issue of whether the treating providers were independent contractors or employees but ruled that such evidence would be considered only if plaintiffs’ motion to amend the proofs of claim were granted.
After due consideration and having had the opportunity to review the memorandums of law submitted by the parties, the court hereby denies plaintiffs’ motion to amend the NF-3 proof of claim forms and directs that judgment be entered in favor of the defendant dismissing the action on the ground that the proofs of claim identified the treating providers as independent contractors thus rendering the claims fatally defective on their face.
Discussion
In A.B. Med. Servs. PLLC (supra), the court held that 11 NYCRR 65.15 (j) (D (now 11 NYCRR 65-3.11 [a]) prohibits a billing provider from recovering assigned first-party no-fault benefits where the medical services were performed by an independent contractor. 11 NYCRR 65.15 (j) (D (now 11 NYCRR 65-3.11 [a]) provides that “[a]n insurer shall pay benefits . . . directly to the applicant or . . . upon assignment by the applicant . . . [to] the providers of services.” The court interpreted the phrase “providers of services” to mean an actual provider of medical services and held that a “billing provider seeking recovery of assigned no-fault benefits for medical services which were not performed by it or its employees, but by an independent contractor identified as the ‘treating provider’ on NF-3 claim forms, is not a ‘provider’ of. . . services . . . and is hence not entitled to recover ‘direct payment’ of assigned no-fault benefits” (9 Misc 3d at 37).
Plaintiffs’ contention that defendant waived the independent contractor defense by failing to timely object to plaintiffs’ claim forms and by failing to assert the defense in a timely denial is *252 well taken. Indeed, it is well established that an insurer’s failure to object to the adequacy of plaintiffs proof of claim within 10 days of receipt (now 15 business days) “constitutes a waiver of any defenses with respect thereto” (see A.B. Med. Servs. PLLC v Nationwide Mut. Ins. Co., 6 Misc 3d 70, 71 [App Term, 2d & 11th Jud Dists 2004]; Nyack Hosp. v Metropolitan Prop. & Cas. Ins. Co., 16 AD3d 564 [2d Dept 2005]; New York Hosp. Med. Ctr. of Queens v New York Cent. Mut. Fire Ins. Co., 8 AD3d 640 [2d Dept 2004]). It is also well established that, except for the defense that there is no coverage at all for a claim, “preclusion of the insurance company’s ability to deny the claim is the appropriate remedy where, as here, the insurance company neither denies a claim within 30 days after receiving it nor seeks to extend that time by requesting verification in the prescribed forms” (Presbyterian Hosp. in City of N.Y.v Maryland Cas. Co., 90 NY2d 274, 278 [1997] [internal quotation marks deleted]; see also Central Gen. Hosp. v Chubb Group of Ins. Cos., 90 NY2d 195 [1997]).
Notwithstanding these principles, in a case decided on July 7, 2005, the Supreme Court, Appellate Term, held that the independent contractor defense is “nonwaivable and not subject to the preclusion rule” (Rockaway Blvd. Med. PC. v Progressive Ins., 9 Misc 3d 52, 54 [App Term, 2d & 11th Jud Dists 2005]). The court must therefore conclude that the principles of waiver and preclusion do not apply where the proof of claim, on its face, demonstrates the applicant’s nonentitlement to payment of the claim. Turning to plaintiffs’ motion for leave to amend their proofs of claim, it is the opinion of the court that the motion must be denied. CPLR 3025 (b) provides that “[a] party may amend his pleading ... at any time by leave of court” (emphasis added). A proof of claim is not a pleading and the court is unaware of any statute or constitutional provision permitting the amendment of a proof of claim by leave of court, especially where an action is pending that is predicated upon the submission of the proof of claim. Unlike the Supreme Court, this court’s equitable jurisdiction is very limited (Parker v Rich, 140 AD2d 177 [1st Dept 1988]) and absent a particular constitutional or statutory empowerment, this court lacks subject matter jurisdiction to grant equitable relief (see Gold-stein v Stephens, 118 Misc 2d 614, 615 [App Term, 1st Dept 1983]). The relief plaintiffs are requesting can only be viewed as equitable in nature and, as stated above, the court is unaware of any statute or constitutional provision empowering this court to grant the relief.
*253 Even if it were within the court’s power to grant plaintiffs’ motion, it would decline to do so. The Insurance Law and the regulations promulgated thereunder give an insurer “30 calendar days after proof of claim is received . . . [to] either pay or deny the claim in whole or in part” (11 NYCRR 65-3.8 [c]; Insurance Law § 5106 [a]). Furthermore, within 10 days of receipt of a claim (now 15 business days), an insurer is entitled to request verification of a claim (11 NYCRR 65.15 [d] [1], now 11 NYCRR 65-3.5 [a]). It would be fundamentally unfair to permit the plaintiffs to cure their fatally defective proofs of claim and then allow them to proceed to trial on the amended claims without giving the defendant an opportunity to pay or deny the amended claims within the allotted time period or an opportunity to request further verification of the claims.
For the above reasons, it is hereby ordered that judgment be entered in favor of the defendant dismissing the entire action.