OPINION OF THE COURT
Joseph J. Esposito, J.
Ordered that upon the foregoing cited papers and after conference, defendant’s motion for summary judgment is denied.
*878 This action was commenced by plaintiff to recover overdue no-fault payments under the provisions of Insurance Law § 5101 et seq., and its implementing regulations. The services that are the subject of this action were provided by plaintiff to its assignor on December 7, 1999 and December 16, 1999.
Defendant moves for summary judgment dismissing plaintiffs action. The primary basis for such relief asserted by defendant, and the only one for which defendant has submitted any admissible evidentiary support, is the allegation that the plaintiff, Multiquest, PLLC, was fraudulently organized at the time the services were rendered to the assignor and it is therefore not entitled to recover on this claim for no-fault benefits. Defendant’s evidence in support consists of a copy of Multiquest’s articles of organization listing Yeugeny Gorbatov and Kathryn Clark, a licensed psychologist, as “original members and original managers,” as well as other corporate documents and a copy of a certified transcript of the April 26, 2004 examination under oath of Kathryn Clark. Ms. Clark states in her testimony that she was never an owner or member of Multiquest and that her name was used without her knowledge or consent.
Though not specified by the defendant’s attorney’s affirmation in support of this motion, defendant’s primary argument appears to rely on 11 NYCRR 65-3.16 (a) (12) (eff Apr. 4, 2002) which states:
“A provider of health care services is not eligible for reimbursement under section 5102(a)(1) of the Insurance Law if the provider fails to meet any applicable New York State or local licensing requirement necessary to perform such service in New York or meet any applicable licensing requirement necessary to perform such service in any other state in which such service is performed.”
In State Farm Mut. Auto. Ins. Co. v Mallela (4 NY3d 313 [2005] [Mallela III]), the New York Court of Appeals was presented with the following certified question from the United States Court of Appeals for the Second Circuit.
“Is a medical corporation that was fraudulently incorporated under N.Y. Business Corporation Law §§ 1507, 1508, and N.Y. Education Law § 6507 (4) (c) entitled to lie reimbursed by insurers, under New York Insurance Law §§ 5101 et seq. and its implementing regulations, for medical services rendered by licensed medical practitioners?” (State Farm Mut. *879 Auto. Ins. Co. v Mallela, 372 F3d 500, 510 [2004] [Mallela II].)
The Court of Appeals, relying on 11 NYCRR 65-3.16 (a) (12), answered the certified question in the negative, stating, “The Superintendent’s regulation allowing carriers to withhold reimbursement from fraudulently licensed medical corporations governs this case. We hold that on the strength of this regulation, carriers may look beyond the face of licensing documents to identify willful and material failure to abide by state and local law.” (Id. at 321.)
The Court of Appeals however left unanswered the question of whether 11 NYCRR 65-3.16 (a) (12) is applicable to claims accruing prior to the effective date of this section. The Mallela III decision addresses this issue only to the extent of stating that “[b]ecause we rest our holding on the Superintendent’s amended regulation declaring fraudulently licensed corporations ineligible for reimbursement, no cause of action for fraud or unjust enrichment would lie for any payments made by the carriers before that regulation’s effective date of April 4, 2002.” (Id. at 322.) This statement by the Court of Appeals addresses only whether an insurer would have a cause of action to recover payments already made to the illegally incorporated medical provider, but leaves open the question of whether the section is applicable to unpaid claims that accrued prior to April 4, 2002.
It is this court’s determination that 11 NYCRR 65-3.16 (a) (12) is not retroactively applicable to any claim for treatment provided prior to April 4, 2002. The Mallela II court discusses but does not decide this issue. (See State Farm v Mallela, 372 F3d 500, 508 [2004].) “Retroactivity is not favored in the law. Thus . . . administrative rules will not be construed to have retroactive effect unless their language requires this result.” (Matter of Good Samaritan Hosp. v Axelrod, 150 AD2d 775, 777 [2d Dept 1989], quoting Bowen v Georgetown Univ. Hospital, 488 US 204, 208 [1988].) “There is a presumption that legislative rules are to be applied only prospectively.” (Matter of Linsley v Gallman, 38 AD2d 367, 369 [3d Dept 1972].) Based on the holdings in Good Samaritan and Linsley, and in the absence of any language in 11 NYCRR 65-3.16 (a) (12) suggesting that it should be given retroactive effect, this defense is unavailable for any claim arising from treatment provided prior to April 4, 2002.
The other defenses raised by defendant’s motion papers, specifically allegations of excessive billing and defects in the as *880 signment of benefits form are unavailable to the defendant as defendant has failed to show that these defenses were properly preserved in a timely denial of the claim (see Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d 274 [1997]) and do not fall within the Chubb exceptions to the 30-day rule (see Central Gen. Hosp. v Chubb Group of Ins. Cos., 90 NY2d 195 [1997]).
The court also notes that the defendant’s motion papers are defective in that they do not include a complete copy of the pleadings as required by CPLR 3212 (b). There is no copy of the summons and complaint included within defendant’s moving papers.