*811 OPINION OF THE COURT
Karla Moskowitz, J.
Plaintiffs move for an order: (1) pursuant to CPLR 3025 (b) and 1003, granting them leave to serve a second amended complaint to add the insurers Government Employees Insurance Company, GEICO General Insurance Company, GEICO Indemnity Company and GEICO Casualty Company (collectively GEICO) as plaintiffs, deeming the second amended complaint served upon defendants and directing defendants to answer the second amended complaint; (2) pursuant to CPLR 2221 (e), granting plaintiffs’ motion to renew the court’s March 15, 2004 decision and order (prior decision I) because of a change in law that affects that ruling; and (3) clarifying the court’s December 22, 2004 decision and order (prior decision II) to confirm the reinstatement of plaintiffs’ seventh cause of action (denominated seventh claim for relief) for unjust enrichment.
Plaintiffs are insurance companies that participate in New York’s no-fault automobile insurance program. Plaintiffs claim they owe nothing to defendants because of defendants’ violation of various statutes pertaining to the organization of medical corporations and because of defendants’ fraudulent billing. Plaintiffs seek to recover from defendants payments that plaintiffs made to them, pursuant to the no-fault insurance program, for medical services that defendants rendered to persons covered under automobile insurance policies that plaintiffs issued. Plaintiffs also seek a declaratory judgment that they have no obligation to pay defendants for claims defendants have submitted, but plaintiffs have not yet paid.
Among the defendants are the “PC defendants,” each of which purport to be a New York medical professional corporation providing diagnostic testing and other patient services. The certificates of incorporation of the PC defendants each state that the owner is defendant Dr. Herbert Rabiner, a New York State licensed physician, but the real owner and principal shareholder is a layperson — defendant Jay Katz.
Plaintiffs allege that, in violation of section 1507 of the Business Corporation Law, Rabiner has sold or lent the use of his name and medical license to Katz to form medical corporations in Rabiner’s name so that Katz could own or control medical practices, profit from them, bill no-fault insurers for medical services and, in so doing, facilitate fraudulent billing practices. Allegedly, once Rabiner fraudulently formed the PC defendants with Katz, he did not have the type of involvement in those entities that a real owner would.
*812 Plaintiffs also allege that the PC defendants regularly submitted no-fault claims to plaintiffs, falsely representing that the PC defendants were valid medical professional corporations. Plaintiffs allege further that they paid substantial amounts of money to the PC defendants based upon their justifiable reliance that the PC defendants comported with applicable statutes and administrative regulations governing the provision of health services. In addition, defendants’ fraudulent conduct encompassed improper multiple billings and the provision of improper, unwarranted or medically unreliable testing.
In prior decision I, I granted motion sequence number 002 and dismissed the complaint against defendants Parkway Magnetic Resonance Imaging, Inc., Metroscan Resonance Imaging, Inc., Katz and Vladimir Shtrakhman. In that same decision I also granted motion sequence number 003 and dismissed the first, second and seventh causes of action, and dismissed the complaint as against Rabiner. I declined to dismiss the eighth cause of action seeking a declaration that plaintiffs have no obligation to pay pending claims, claims they previously denied or any future no-fault claims.
In prior decision II, I granted leave to amend the complaint regarding the billing fraud component of the first cause of action. As amended, the complaint contained sufficient particularity regarding the allegations of billing fraud, including the performance of unnecessary services, as part of an alleged scheme among the PC defendants and other nonparty entities.
The change in law that is the subject of this motion results from State Farm Mut. Auto. Ins. Co. v Mallela (4 NY3d 313 [2005] [Mallela III]). That action began with State Farm Mut. Auto. Ins. Co. v Mallela (175 F Supp 2d 401 [ED NY 2001, Sifton, J.] [Mallela 2]) that involved similar claims to those presented here. In Mallela I, Judge Sifton concluded that the insurer plaintiff could not recover damages for fraud and misrepresentation, because it had no right of action to enforce the relevant provisions of the Business Corporation Law and because the alleged violations did not relieve the insurer of the obligation to reimburse the insureds or the insureds’ assignees. Judge Sifton found that the Business Corporation Law did not explicitly create a private right of action and that plaintiff did not belong to the class of legislatively intended beneficiaries, so that a right of action would be clearly in furtherance of the legislative purpose (Mallela I, 175 F Supp 2d at 416). Judge Sifton granted plaintiff leave to amend its complaint to state *813 valid claims describing actionable frauds, but subsequently-dismissed the amended complaint with prejudice (State Farm Mut. Auto. Ins. Co. v Mallela, 2002 WL 31946762, 2002 US Dist LEXIS 25187 [ED NY, Nov. 21, 2002]). I followed the reasoning of Judge Sifton in Mallela I when I dismissed plaintiffs’ claims for fraud and unjust enrichment in prior decision I.
The insurance carrier appealed Mallela I to the United States Court of Appeals for the Second Circuit that concluded that the action involved important, determinative and unsettled questions of state law that were likely to recur and important public policy implications (State Farm Mut. Auto. Ins. Co. v Mallela, 372 F3d 500 [2d Cir 2004] [Mallela II]). Thus, in Mallela II, the Second Circuit deemed it appropriate to certify the following question to the New York Court of Appeals:
“Is a medical corporation that was fraudulently incorporated under N.Y. Business Corporation Law §§ 1507, 1508, and N.Y. Education Law § 6507 (4) (c) entitled to be reimbursed by insurers, under New York Insurance Law §§ 5101 et seq. and its implementing regulations, for medical services rendered by licensed medical practitioners?” (Id. at 509.)
In answering the certified question, in Mallela III, the Court of Appeals concluded that these medical corporations could not receive reimbursement, reasoning that Insurance Law § 5101 et seq. requires no-fault carriers to reimburse patients (or their medical provider assignees) for “basic economic loss,” but that in promulgating 11 NYCRR 65-3.16 (a) (12)* (eff Apr. 4, 2002), the Superintendent of Insurance excluded from the meaning of “basic economic loss” payments made to unlicensed or fraudulently licensed providers. This renders these entities “not eligible” for reimbursement (4 NY3d at 320). Moreover, the Court of Appeals upheld the Superintendent’s interpretation as not irrational or unreasonable in deference to his special competence and expertise regarding the insurance industry and not counter to the clear wording of the statutory provision {id. at 321). The Court of Appeals held that “on the strength of this regulation, carriers may look beyond the face of licensing documents to identify willful and material failure to abide by state and local law” {id.).
*814 The Court of Appeals also held that, as a matter of law, the insurance carriers could not sue for fraud or unjust enrichment (as opposed to a requirement to reimburse) for any payments that the insurance carriers had already made prior to the regulation’s effective date of April 4, 2002. However, because State Farm’s complaint did not clearly indicate when it had paid defendants, the Court declined to determine whether State Farm had alleged sufficient facts to support its causes of action for fraud or unjust enrichment (id. at 322).
With this background, I now turn to the motion at issue.
I am granting the motion to amend the complaint that seeks to add GEICO as a plaintiff for the reasons set forth on the record at oral argument on the motion held on December 15, 2005.
I grant the motion for renewal upon the intervening clarification of the law (CPLR 2221 [e] [2]; Roundabout Theatre Co. v Tishman Realty & Constr. Co., 302 AD2d 272 [1st Dept 2003]). As a result of Mallela III, I reinstate plaintiffs’ claims for fraud and unjust enrichment to the extent that plaintiffs made the payments to defendants on or after the regulation’s effective date (Apr. 4, 2002).
Plaintiffs suggest that, in either subsequent separate briefing or through summary judgment motions, the parties should address the issue of whether the fraud and unjust enrichment claims based solely on corporate structure apply to payments made prior to April 4, 2002. I do not find additional briefing or summary judgment motions warranted.
Although I did not dismiss the eighth cause of action for declaratory relief, the parties raised the issue during oral argument concerning whether Mallela III meant that plaintiffs need not reimburse defendants for claims that accrued prior to April 4, 2002 that plaintiffs have not yet paid. (See transcript of oral argument, Dec. 15, 2005, at 30-34.) Although defendants have offered repeatedly to brief this issue, the clarity of the decision of the Court of Appeals in Mallela III renders further briefing unnecessary.
As discussed above, in Mallela III, the Court of Appeals held that: (1) the insurance companies could withhold payment for medical services that fraudulently incorporated enterprises provided and to which patients have assigned their claims; (2) the insurance companies could bring actions for fraud and unjust enrichment to recover payments made on or after the *815 regulation’s effective date of April 4, 2002, by implication; and (3) no cause of action for fraud or unjust enrichment would he for any payments that the insurance carriers made prior to the regulation’s effective date of April 4, 2002. Mallela III left open, however, the issue of whether the insurers could withhold payment (as opposed to recover payments already made) for unpaid claims that accrued prior to April 4, 2002).
Several Civil Court decisions have recently addressed this issue. In Metroscan Imaging P.C. v GEICO Ins. Co. (8 Misc 3d 829 [Civ Ct, Queens County 2005, Siegal, J.]), the court held that insurers could withhold payment for unpaid claims accruing prior to April 4, 2002 because the Court of Appeals held that the “Superintendent’s regulation allowing carriers to withhold reimbursement from fraudulently licensed medical corporations governs this case” (id. at 834, quoting Mallela III at 321; accord Multiquest, PLLC v Allstate Ins. Co., 9 Misc 3d 1031 [Civ Ct, Queens County 2005, Butler, J.] [intent of Mallela III is that regulation is to be applied to claims prior to April 4, 2002]; A.T. Med., P.C. v State Farm Mut. Ins. Co., 10 Misc 3d 568 [Civ Ct, Queens County 2005, Culley, J.] [retroactive application is appropriate where regulatory intent is to remedy widespread abuse and fraud]).
However, several other Civil Court decisions have arrived at a contrary conclusion (see Multiquest, PLLC v Allstate Ins. Co., 10 Misc 3d 877 [Civ Ct, Queens County 2005, Esposito, J.]; Multiquest, P.L.L.C. v Allstate Ins. Co., 10 Misc 3d 1061[A], 2005 NY Slip Op 52069[U] [Civ Ct, Queens County 2005, Kerrigan, J.]; Multiquest, P.L.L.C. v Allstate Ins. Co., 10 Misc 3d 1061[A], 2005 NY Slip Op 52071[U] [Civ Ct, Queens County 2005, Markey, J.]; Multiquest PLLC v Allstate Ins. Co., 10 Misc 3d 1069[A], 2005 NY Slip Op 52209[U] [Civ Ct, Queens County 2005, Pineda-Kirwan, J.]).
This second group of cases holds that insurers cannot withhold payment for unpaid claims accruing prior to April 4, 2002 because the law disfavors retroactivity. These cases also interpret Mallela III as indirectly answering the retroactivity question by holding that the insurers could not assert a cause of action for unjust enrichment and fraud for claims that matured before the effective date of the regulation.
I agree with the former group of decisions. As Judge Siegal noted in Metroscan (8 Misc 3d 829, 834), Mallela I involved claims that had matured prior to the effective date of the regulation. Hence, the Court of Appeals, in Mallella III, necessarily *816 incorporated claims for reimbursement that matured prior to the effective date of the regulation. Also, a retroactive application is appropriate here because the regulation at issue merely clarified existing law. Further, this holding comports with the policy choice the Court of Appeals made in Mallela III of protecting insurers from fraud as outweighing speedy resolution of claims.
In addition, just because the Court of Appeals precluded the insurers from recouping payments they already made for claims that matured prior to the effective date of the regulation does not mean that the Court of Appeals precluded the insurers from denying reimbursement for unpaid claims whenever those claims occurred. This interpretation comports with the language of the regulation that applies to all unpaid claims regardless of the effective date. The regulation does not address the situation where insurers had paid an illegal entity before April 4, 2002.
Finally, the request for an order clarifying prior decision II, to confirm the reinstatement of plaintiffs’ seventh cause of action for unjust enrichment, is granted. Previously, I dismissed the unjust enrichment claim because, as stated in prior decision I, plaintiffs paid compensation for medical services that licensed practitioners rendered to covered persons under the no-fault laws and because there were insufficient allegations that defendants had been unjustly enriched by receiving compensation for medical services rendered without regard to medical necessity and in excess of those dictated by the patients’ conditions. As stated in prior decision II, however, I found that the amended complaint contained sufficient particularity in its allegations of billing fraud, including the performance of unnecessary services, as part of an alleged scheme among the PC defendants and other nonparty entities. Hence, the unjust enrichment claim contained in the seventh cause of action is viable.
Accordingly, it is ordered that the motion is granted as follows: (1) plaintiffs are granted leave to serve a second amended complaint, and the second amended complaint is deemed served upon defendants, and defendants are directed to answer the second amended complaint within 20 days after service of a copy of this order with notice of entry; (2) plaintiffs’ motion to renew the court’s March 15, 2004 decision and order is granted, and, upon renewal, plaintiffs’ claims of fraud and unjust enrich *817 ment based upon a lack of standing to obtain no-fault benefits are reinstated to the extent that plaintiffs made payments to defendants on or after April 4, 2002; and (3) the court’s December 22, 2004 decision and order is clarified to confirm the reinstatement of plaintiffs’ seventh cause of action for unjust enrichment.

 The pertinent text of 11 NYCRR 65-3.16 (a) (12) reads as follows: “A provider of health care services is not eligible for reimbursement under section 5102 (a) (1) of the Insurance Law if the provider fails to meet any applicable New York State or local licensing requirement. . . .”