OPINION OF THE COURT
Memorandum.
Order, insofar as appealed from, affirmed without costs.
This appeal raises the question of whether, as a result of the Court of Appeals decision in State Farm Mut. Auto. Ins. Co. v Mallela (4 NY3d 313 [2005]), a medical corporation that was fraudulently incorporated under Business Corporation Law §§ 1507 and 1508 and Education Law § 6507 (4) (c) is entitled to be reimbursed by insurers for medical services rendered by licensed medical practitioners prior to the effective date of 11 NYCRR 65-3.16 (a) (12).* In Mallela, the New York Court of Appeals was asked the following certified question by the United States Court of Appeals, Second Circuit:
“Is a medical corporation that was fraudulently incorporated under N.Y. Business Corporation Law §§ 1507, 1508 and N.Y. Education Law § 6507(4)(c) entitled to be reimbursed by insurers, under New York Insurance Law §§ 5101 et seq. and its implementing regulations, for medical services rendered by licensed medical practitioners” (State Farm Mut. Auto. Ins. Co. v Mallela, 372 F3d 500, 509 [2004]).
The New York Court of Appeals stated that such medical corporations were not entitled to reimbursement (see 4 NY3d at 320). In addition to certifying the preceding question to the New York Court of Appeals, the Second Circuit stated that “defendants raise another issue of New York law that would arise only if the initial question is answered as State Farm wishes. This is: would the applicable revised regulation, 11 N.Y.C.R.R. § 65-3.16(a)(12), if it is read to bar reimbursement, be given retroactive effect” (372 F3d at 508). Consequently, the Second Circuit “welcome[d]” the Court of Appeals’ “guidance with respect to any issues that could arise depending on its answer to the question certified” (id. at 509-510). In Mallela, the Court of Appeals did not explicitly state whether 11 NYCRR 65-3.16 (a) (12) was to be given retroactive effect so as to bar *37 reimbursement to a medical corporation that was fraudulently incorporated under Business Corporation Law §§ 1507 and 1508 and Education Law § 6507 (4) (c). Rather, the only portion of the Court of Appeals decision which expressly dealt with the retroactivity of the regulation concerned an insurer’s ability to maintain a cause of action sounding in fraud or unjust enrichment to recoup payments made by the insurer to a fraudulently incorporated medical corporation prior to the effective date of the regulation. On this question, the Court of Appeals indicated that the regulation was not to be applied retroactively, but rather prospectively (4 NY3d at 322).
The court below concluded that because the claims at issue in Mallela arose prior to the effective date of 11 NYCRR 65-3.16 (a) (12), the Court of Appeals held that the regulation applied to unpaid claims for medical services rendered without regard to the date on which such services were rendered (8 Misc 3d 829 [2005]). Although the court below was not alone in reaching this conclusion (see Allstate Ins. Co. v Belt Parkway Imaging, P.C., 11 Misc 3d 810 [2006]; A.T. Med., P.C. v State Farm Mut. Ins. Co., 10 Misc 3d 568 [2005]; Multiquest, PLLC v Allstate Ins. Co., 9 Misc 3d 1031 [2005]), other trial courts have reached a contrary determination (see Multiquest, PLLC v Allstate Ins. Co., 10 Misc 3d 1069[A], 2005 NY Slip Op 52209[U] [2005]; Multiquest, PLLC v Allstate Ins. Co., 10 Misc 3d 1061[A], 2005 NY Slip Op 52071[U] [2005]; Multiquest, PLLC v Allstate Ins. Co., 10 Misc 3d 1061[A], 2005 NY Slip Op 52069[U] [2005]; Multiquest, PLLC v Allstate Ins. Co., 10 Misc 3d 877 [2005]). While the Court of Appeals did not expressly address whether 11 NYCRR 65-3.16 (a) (12) was applicable to unpaid claims for assigned first-party no-fault benefits arising from medical services which were rendered prior to the effective date of said regulation, we nevertheless read the Court of Appeals decision as holding that, irrespective of the date on which the medical services were rendered, a provider of medical services may not recover therefor if it is a fraudulently incorporated medical corporation.
In Mallela, the medical corporation defendants which were allegedly fraudulently incorporated in violation of Business Corporation Law §§ 1507 and 1508 and Education Law § 6507 (4) (c) asserted that they were entitled to reimbursement notwithstanding their alleged fraudulent incorporation because the medical care rendered to their assignors was within the scope of the licenses of those who treated the assignors and *38 thus the medical corporation defendants were within the regulatory framework for reimbursement. In advancing such an argument, some of the defendants’ separate briefs to the Court of Appeals relied, in part, upon the Court of Appeals decision in Charlebois v Weller Assoc. (72 NY2d 587 [1988]).
In Charlebois, the Court of Appeals held that a contract which required payment to an unlicensed business corporation for engineering services performed by an independent licensed professional engineer was valid because the corporation was not engaged in the unauthorized practice of engineering. By contrast, in Mallela, although the medical treatments were rendered by apparently licensed medical practitioners, said licensed practitioners were not the “providers” for billing purposes under the No-Fault Law. Instead, the “providers” for no-fault billing purposes were their employers, medical service corporations, which were incorporated in violation of Business Corporation Law §§ 1507 and 1508 and Education Law § 6507 (4) (c). This critical distinction apparently prompted the Court of Appeals, in Mallela, to reject the defendants’ position stating, “The fact remains that the reimbursement goes to the medical service corporation that exists to receive payment only because of its willfully and materially false filings with state regulators” (4 NY3d at 321).
In so holding, the Court of Appeals implicitly recognized that medical service corporations which are fraudulently incorporated in violation of Business Corporation Law §§ 1507 and 1508 and Education Law § 6507 (4) (c), i.e., which “fail[ed] to meet the applicable state licensing requirements” (4 NY3d at 320), were not entitled to reimbursement since their authority to render professional services was obtained through fraudulent means and possession of such authority was a prerequisite to reimbursement (see Education Law § 6507 [4] [c]; see also Business Corporation Law § 1503; Valley Physical Medicine & Rehabilitation v New York Cent. Mut. Ins. Co., 193 Misc 2d 675 [App Term, 9th & 10th Jud Dists 2002]). Such a result is in accord with the common law, which has historically denied compensation to unlicensed providers of services for which a regulatory license is required (see Spivak v Sachs, 16 NY2d 163 [1965]; Bendell v De Dominicis, 251 NY 305 [1929]; Mavco Realty Corp. v M. Slayton Real Estate, Inc., 12 AD3d 575 [2004]; Price v Close, 302 AD2d 374 [2003]; Gordon v Adenbaum, 171 AD2d 841 [1991]; P.C. Chipouras & Assoc. v 212 Realty Corp., 156 AD2d 549 *39 [1989]; Unger v Travel Arrangements, 25 AD2d 40, 44 [1966]; 13 NY Jur 2d, Businesses and Occupations § 61), and the regulations, which permit a medical service corporation to recover for medical services provided so long as the treating medical practitioner was an employee of the medical service corporation as opposed to an independent contractor (see 11 NYCRR former 65.15 [j] [1], now 11 NYCRR 65-3.11 [a]; Rockaway Blvd. Med. P.C. v Progressive Ins., 9 Misc 3d 52 [App Term, 2d & 11th Jud Dists 2005] [because a billing provider is not a “provider” of the medical services if the medical services were rendered by an independent contractor rather than by an employee of the billing provider, it is not permitted to recover direct payment of assigned no-fault benefits from an insurer]; A.B. Med. Servs. PLLC v Liberty Mut. Ins. Co., 9 Misc 3d 36 [App Term, 2d & 11th Jud Dists 2005]). Indeed, where an action is based upon a contract which violates public policy or which is being used to circumvent public policy, courts have refused to enforce such a contract and have left the parties where they stand (see Spivak v Sachs, 16 NY2d at 168; McConnell v Commonwealth Pictures Corp., 7 NY2d 465 [1960]; Veazey v Allen, 173 NY 359 [1903]; Matter of Ungar v Matarazzo Blumberg & Assoc., 260 AD2d 485 [1999]; LoMagno v Koh, 246 AD2d 579 [1998]; United Calendar Mfg. Corp. v Huang, 94 AD2d 176 [1983]). Accordingly, under the common law, prior to the effective date of 11 NYCRR 65-3.16 (a) (12), such fraudulently incorporated medical corporations were not entitled to recover a judgment against an insurer for assigned first-party no-fault benefits. The promulgation of 11 NYCRR 65-3.16 (a) (12) by the Superintendent of Insurance merely codified the common-law rule to the extent it barred recovery by unincorporated or fraudulently incorporated medical service corporation providers for assigned first-party no-fault benefits.
Our reading of Mallela is buttressed by the Court of Appeals holding therein that a cause of action by an insurance carrier sounding in fraud or unjust enrichment would not lie prior to the effective date of 11 NYCRR 65-3.16 (a) (12). This too comports with the common-law rule, to wit, the lack of a required license will prevent recovery for services rendered, but the lack of a license does not permit recovery of the fee by the payer after it was paid (see Johnston v Dahlgren, 166 NY 354 [1901]; Goldman v Garofalo, 71 AD2d 650 [1979]; see also 13 *40 NY Jur 2d, Businesses and Occupations § 68). However, we read Mallela as holding that the promulgation of 11 NYCRR 65-3.16 (a) (12) by the Superintendent of Insurance altered the common law prospectively such that an insurance carrier may maintain a cause of action against a fraudulently incorporated medical service corporation to recover assigned first-party no-fault benefits which were paid by the insurer to such medical service corporation after thé regulation’s effective date (4 NY3d at 322).
In light of the foregoing, the order, insofar as appealed from, is affirmed.
Golia, J.E, Rios and Belen, JJ., concur.

 Insofar as is relevant, the regulation provides: “A provider of health care services is not eligible for reimbursement under section 5102(a)(1) of the Insurance Law if the provider fails to meet any applicable New York State or local licensing requirement” (11 NYCRR 65-3.16 [a] [12]).