■ SALLY A. INGORDO et al., Respondents, v SQUARE PLUS OPERATING CORP., a Division of SQUARE INDUSTRIES, INC., Appellant. [714 NYS2d 693] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), entered November 1, 1999, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

As the managing and operating agent for the owner of the parking garage in which the plaintiff Sally A. Ingordo was injured, the defendant may be liable for nonfeasance only if it was in complete and exclusive control of the management of the garage (*see, Lennon v Oakhurst Gardens Corp.,* 229 AD2d 897, 898; *Ioannidou v Kingswood Mgt. Corp.,* 203 AD2d 248; *Keo v Kimball Brooklands Corp.,* 189 AD2d 679). Since the evidence submitted on the motion established that the defendant did not have exclusive control, the Supreme Court erred in denying its motion for summary judgment dismissing the complaint (*see, Ioannidou v Kingswood Mgt. Corp., supra*). Contrary to the plaintiffs' contention, the defendant is entitled to summary judgment on the unpleaded affirmative defense of agency as the plaintiffs are not surprised or prejudiced thereby (*see, Rogoff v San Juan Racing Assn.,* 54 NY2d 883; *Rosario v City of New York,* 261 AD2d 380).

The plaintiffs' remaining contentions are without merit. O'Brien, J. P., Sullivan, Krausman, Goldstein and Schmidt, JJ., concur.