OPINION OF THE COURT
Memorandum.
Order reversed, without costs, plaintiffs motion for summary judgment denied and defendant’s cross motion to dismiss the complaint granted to the extent of directing that plaintiff shall respond to those discovery demands which seek information regarding whether plaintiff was fraudulently incorporated, within 30 days of the date of the order entered hereon or within such other reasonable time period as the parties stipulate to in writing.
In this action to recover $1,107.51 in first-party no-fault benefits for health care services rendered to its assignor, plaintiff established a prima facie entitlement to summary judgment by proof that it submitted claims, setting forth the fact and the amounts of the losses sustained, and that payment of no-fault benefits was overdue (see Insurance Law § 5106 [a]; Mary Immaculate Hosp. v Allstate Ins. Co., 5 AD3d 742 [2004]; Amaze Med. Supply v Eagle Ins. Co., 2 Misc 3d 128[A], 2003 NY Slip Op 51701[U] [App Term, 2d & 11th Jud Dists 2003]). Defendant failed to deny the claims within the 30-day claim determination period and failed to establish that it tolled the statutory time period by mailing verification and follow-up requests to plaintiff (see e.g. Ocean Diagnostic Imaging P.C. v Travelers Indem. Co., 7 Misc 3d 133[A], 2005 NY Slip Op 50644[U] [App Term, 2d & 11th Jud Dists 2005]). Consequently, defendant is precluded from raising most defenses (see Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d 274, 282 [1997]). Nevertheless, the defense that plaintiff, a provider of health care services, is not eligible for reimbursement of no-fault benefits (see State Farm Mut. Auto. Ins. Co. v Mallela, 4 NY3d 313 [2005]) is not subject to preclusion (see A.B. Med. Servs. PLLC v Prudential Prop. & Cas. Ins. Co., 11 Misc 3d 137[A], 2006 NY Slip Op 50504[U] [App Term, 2d & 11th Jud Dists 2006]). Moreover, summary judgment should be denied where *60 the opposition papers set forth that facts essential to justify opposition may exist but cannot then be stated (see CPLR 3212 [f]).
In Mallela (4 NY3d 313 [2005], supra), the Court of Appeals found that insurers may withhold payment of first-party no-fault benefits provided by fraudulently licensed medical service corporations to which patients have assigned their claims. Consequently, we find that discovery requests seeking information to determine whether the owners of a medical service corporation are improperly licensed are germane to the question of whether said corporation is eligible for reimbursement. Pursuant to 11 NYCRR 65-3.16 (a) (12),
“A provider of health care services is not eligible for reimbursement under section 5102 (a) (1) of the Insurance Law if the provider fails to meet any applicable New York State or local licensing requirement necessary to perform such service [s] in New York or meet any applicable licensing requirement necessary to perform such service in any other state in which such service is performed.”
The Education Law provides that only persons licensed or certified can practice acupuncture in the State of New York (see Education Law § 8212). The Business Corporation Law provides that each shareholder, director or officer of the corporation must be licensed to practice the profession for which the corporation was organized (see Business Corporation Law § 1503 [b]; § 1507).
We find that defendant’s papers establish that so much of defendant’s discovery requests as seek information regarding whether plaintiff was fraudulently incorporated are material and necessary (see CPLR 3101) and, thus, defendant’s papers set forth that facts essential to justify opposition may exist but cannot now be stated. Consequently, plaintiff’s motion for summary judgment is premature pending the completion of discovery (see CPLR 3212 [f]). It is noted that plaintiff did not oppose the cross motion in the court below. Accordingly, plaintiff’s motion for summary judgment is denied and defendant’s cross motion is granted to the extent of directing that plaintiff shall respond to defendant’s discovery demands which seek information regarding the ownership, control and licensing of plaintiff corporation within 30 days of the date of the order entered hereon.