■ ALLSTATE INSURANCE COMPANY et al., Respondents-Appellants, v BELT PARKWAY IMAGING, P.C., et al., Appellants-Respondents, et al., Defendants. ALLSTATE INSURANCE COMPANY et al., Respondents, v BELT PARKWAY IMAGING, P.C., et al., Appellants, et al., Defendants. [823 NYS2d 9]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered January 26, 2006, which permitted plaintiffs to withhold payments for claims that defendants-appellants had made before April 4, 2002 and dismissed plaintiffs' causes of action for fraud and unjust enrichment regarding payments made before that date insofar as such causes of action were based on

defendants' improper corporate form, and order, same court and Justice, entered March 3, 2006, which denied defendants-appellants' motion to strike plaintiffs' affirmative defenses to defendants' counterclaims insofar as said defenses were based on defendants' improper corporate form, unanimously affirmed, without costs.

The Insurance Department regulation on claims for personal injury protection benefits (11 NYCRR 65-3.16 [a] [12]) states that "A provider of health care services is not eligible for reimbursement under section 5102 (a) (1) of the Insurance Law if the provider fails to meet any applicable New York State or local licensing requirement necessary to perform such service in New York." This regulation was initially promulgated to take effect on September 1, 2001, but implementation was stayed by court order until April 4, 2002. Relying on this regulation, the Court of Appeals has held that "insurance carriers may withhold payment for medical services provided by fraudulently incorporated enterprises to which patients have assigned their claims" (*State Farm Mut. Auto. Ins. Co. v Mallela*, 4 NY3d 313, 319 [2005]), and that "no cause of action for fraud or unjust enrichment would lie for any payments made by the carriers before . . . April 4, 2002" (at 322).

*Mallela* is dispositive as to plaintiffs' fraud and unjust enrichment claims. Even if the quoted excerpt was dictum, we would find it highly persuasive. Plaintiffs' attempt to distinguish *Mallela* by saying that their claims rest on the common law, not just on section 65-3.16 (a) (12), is unconvincing; in any event, the claims would not be cognizable (*see Oxford Health Plans [NY] v BetterCare Health Care Pain Mgt. & Rehab*, 305 AD2d 223 [2003]).

With respect to the bills that plaintiffs have not yet paid, the clear import of section 65-3.16 (a) (12) is that as of April 4, 2002, defendants were no longer eligible to be paid, even if they had already performed services. The very word "reimbursement," used in the regulation, implies that the services had already been provided. Moreover, *Mallela* involved pre-April 4, 2002 claims, so it would be illogical to read that case as applying only to claims submitted on or after April 4, 2002 (*see e.g. Metroscan Imaging P.C. v GEICO Ins. Co.*, 8 Misc 3d 829, 834 [Civ Ct, Queens County 2005], *affd* 13 Misc 3d 35 [App Term 2006]).

We do not find this allegedly retroactive application of the regulation problematic. "Ameliorative or remedial legislation . . . should be given retroactive effect in order to effectuate its beneficial purpose" (*Matter of Marino S.*, 100 NY2d 361, 370-

371 [2003], *cert denied* 540 US 1059 [2003]). The purpose of the regulations of which section 65-3.16 (a) (12) is a part was to combat fraud (*see Matter of Medical Socy. of State of N.Y. v Serio*, 100 NY2d 854, 862 [2003]). Indeed, the notice of adoption stated that "The Insurance Department is taking this action in order to implement a new regulation which will ensure that the public receives the benefits of reduced fraud and abuse provided by the proposed regulation at the earliest possible moment" (NY Reg, May 9, 2001, at 19).

Contrary to defendants' argument, we do not find that section 65-3.16 (a) (12) impaired vested rights or created a new right. The law prior to *Mallela* was unclear, so defendants did not have a vested right to reimbursement (*see Matter of Versailles Realty Co. v New York State Div. of Hous. & Community Renewal*, 76 NY2d 325, 330 [1990]). Because there were decisions going both ways before *Mallela*, that case did not create a "new" right that had never before existed.

We are not persuaded by defendants-appellants' claim that the allegedly retroactive application of section 65-3.16 (a) (12) would violate article I, § 10 (1) of the US Constitution. There was no contract between defendants and plaintiffs; defendants' right to reimbursement from plaintiffs was purely a creature of regulation, viz., 11 NYCRR 65-3.11. Concur—Buckley, P.J., Mazzarelli, Williams, Gonzalez and Sweeny, JJ. [*See* 11 Misc 3d 810 (2006).]