*111 OPINION OF THE COURT
Memorandum.
Order reversed without costs, plaintiffs motion for summary judgment denied without prejudice to renewal upon completion of discovery, and defendant’s motion to dismiss for failure to provide discovery or, in the alternative, to compel plaintiff to provide discovery granted to the extent of compelling plaintiff to serve, within 30 days after the date of the order entered hereon, responses to defendant’s demand for written interrogatories and, within 30 days after service of such responses, to produce for examinations before trial the witnesses identified in defendant’s amended notice of examination before trial.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment. Defendant served opposing papers and subsequently moved to dismiss the complaint based on plaintiffs failure to respond to discovery demands or, in the alternative, for an order compelling plaintiff to comply with its discovery demands. The court granted plaintiff’s motion and denied defendant’s motion. The instant appeal by defendant ensued.
In State Farm Mut. Auto. Ins. Co. v Mallela (4 NY3d 313 [2005]), the Court of Appeals held that fraudulently incorporated medical corporations were not entitled to reimbursement of no-fault benefits. The Court noted that 11 NYCRR 65-3.16 (a) (12), which states that “[a] provider of health care services is not eligible for reimbursement under section 5102(a)(1) of the Insurance Law if the provider fails to meet any applicable New York State or local licensing requirement,” specifically “excluded from the meaning of ‘basic economic loss’ payments made to unlicensed or fraudulently licensed providers, thus rendering them ineligible for reimbursement” (Mallela, 4 NY3d at 320). The defense that a provider is fraudulently licensed is a nonwaivable defense (see First Help Acupuncture P.C. v State Farm Ins. Co., 12 Misc 3d 130[A], 2006 NY Slip Op 51043DJ] [App Term, 2d & 11th Jud Dists 2006]; see also Allstate Ins. Co. v Belt Parkway Imaging, P.C., 33 AD3d 407 [2006]; see generally Metroscan Imaging, P.C. v GEICO Ins. Co., 13 Misc 3d 35 [App Term, 2d Dept 2006]). Defendant’s opposition papers suffice to raise issues as to who really operated and controlled plaintiff (see Midwood Acupuncture, P.C. v State Farm Mut. Auto. Ins. Co., 14 Misc 3d 131[A], 2007 NY Slip Op 50052[U] [App Term, 2d & 11th Jud Dists 2007]; Lexington Acupuncture, P.C. v State Farm Ins. Co., 12 Misc 3d 90 [App Term, 2d Dept 2006]). Since *112 the opposition papers set forth that facts essential to justify opposition may exist but cannot be stated (see CPLR 3212 [f|), plaintiffs motion for summary judgment should have been denied without prejudice to renewal upon the completion of discovery.
With respect to defendant’s motion to dismiss for failure to provide discovery or, in the alternative, to compel plaintiff to provide discovery, plaintiff failed to oppose said motion. Accordingly, defendant’s motion should have been granted to the extent of compelling plaintiff to serve responses to defendant’s demand for written interrogatories and to produce for examinations before trial the witnesses identified in defendant’s amended notice of examination before trial.
Pesce, EJ., Weston Patterson and Rios, JJ., concur.