OPINION OF THE COURT
Memorandum.
Judgment reversed without costs, order entered December 8, 2005 vacated, plaintiffs motion for summary judgment denied and defendant’s cross motion for summary judgment granted.
In this action by a provider to recover first-party no-fault benefits for an August 17, 1999 psychological evaluation of its assignor, plaintiff moved for summary judgment. Defendant cross-moved for summary judgment arguing, inter alia, that plaintiff was ineligible to receive reimbursement of no-fault benefits because plaintiff was fraudulently incorporated, relying on State Farm Mut. Auto. Ins. Co. v Mallela (4 NY3d 313 [2005]). Finding, inter alia, that the defense of “improper incorporation” was waived because defendant failed to assert the defense in its denial of claim form or in its answer, the court below awarded plaintiff summary judgment.
As defendant raises no issue with respect to plaintiff’s establishment of its prima facie case, we do not pass on the propriety of the implicit determination of the court below with respect thereto.
A regulation which took effect in 2002, after the services at issue herein were provided, states, “A provider of health care services is not eligible for reimbursement under section *39 5102(a)(1) of the Insurance Law if the provider fails to meet any applicable New York State or local licensing requirement” (11 NYCRR 65-3.16 [a] [12]). This regulation has been held to bar reimbursement of no-fault benefits without regard to when the services were rendered (Allstate Ins. Co. v Belt Parkway Imaging, P.C., 33 AD3d 407 [2006]; see State Farm Mut. Auto. Ins. Co. v Mallela, 4 NY3d 313 [2005], supra; see generally Metroscan Imaging, P.C. v GEICO Ins. Co., 13 Misc 3d 35 [App Term, 2d & 11th Jud Dists 2006]). Such a defense is not waived by the failure to assert it in a denial of claim form (Crossbay Acupuncture, P.C. v State Farm Mut. Auto. Ins. Co., 15 Misc. 3d 110 [App Term, 2d & 11th Jud Dists 2007]) nor is it precluded as a result of an untimely denial (Midwood Acupuncture, P.C. v State Farm Mut. Auto. Ins. Co., 14 Misc 3d 131 [A], 2007 NY Slip Op 50052[U] [App Term, 2d & 11th Jud Dists 2007]). Contrary to the determination of the court below, the defendant’s answer, as amended by order dated September 9, 2005, asserted the defense that plaintiff was “not entitled to receive payment as it was not properly formed in that it failed to meet the applicable New York State and local licensing requirements necessary to perform such services in New York.” We note in passing that even if defendant had failed to interpose the defense in its answer, a court may nevertheless grant a motion for summary judgment based on an unpleaded defense (Rogoff v San Juan Racing Assn., 54 NY2d 883, 885 [1981]) where, as here, plaintiff did not assert any surprise or prejudice thereby (Ingordo v Square Plus Operating Corp., 276 AD2d 528 [2000]) and had “ample opportunity” to contest the defense in its opposition to the motion (Cangialosi v Hallen Constr. Corp., 282 AD2d 565, 566 [2001]; Lynbrook Glass & Architectural Metals Corp. v Elite Assoc., 225 AD2d 525, 527 [1996]).
 Although Mallela involved a provider which was a professional service corporation (see Business Corporation Law art 15) and the instant plaintiff is a professional service limited liability company (see Limited Liability Company Law art 12), the requirements of membership, professional licensing, and filing are substantially the same. As a result, 11 NYCRR 65-3.16 (a) (12) clearly applies to professional service limited liability companies. Limited Liability Company Law § 1203 (b) requires that a member of such a company be licensed for any professional services the company is organized to provide. There is no dispute that plaintiff’s articles of organization stated that the company was to provide, inter alia, psychological services and *40 listed a licensed psychologist as the provider of those services. However, the named psychologist testified under oath that she was never an owner or member of plaintiff and that she never received a stock certificate or any compensation based on an ownership interest.
Defendant also proved that plaintiffs ownership has changed since its initial organization, and while certain other health services were variously added and dropped, the same psychologist, and no other, continued to be listed as a member and manager of plaintiff. Not only was the foregoing sufficient to defeat plaintiffs motion for summary judgment, it also satisfied defendant’s burden of proof on its cross motion for summary judgment by demonstrating that plaintiff performed psychological services in violation of Limited Liability Company Law §§ 1203 and 1207.
Plaintiff did not dispute this proof, but sought to excuse any violation of the statute by proffering a hearsay affidavit of a person who purported to relate the nonfraudulent intentions of plaintiffs original owner. Even if the affidavit presented a reasonable excuse for the failure to obtain an affidavit from plaintiffs original owner (see Zuckerman v City of New York, 49 NY2d 557 [1980]; cf. Oddo v Edo Mar. Air, 34 AD3d 774 [2006]), it failed to excuse the initial fraudulent act of listing the psychologist as a member and manager of plaintiff or plaintiffs continuing to so list the psychologist through successive changes of ownership including the period when the services herein were provided. Consequently, defendant was entitled to summary judgment upon its cross motion (see 11 NYCRR 65-3.16 [a] [12]; State Farm Mut. Auto. Ins. Co. v Mallela, 4 NY3d 313 [2005], supra; Allstate Ins. Co. v Belt Parkway Imaging, P.C., 33 AD3d 407 [2006], supra).
In light of the foregoing, we reach no other issue.
Pesce, PJ., Rios and Belen, JJ., concur.