OPINION OF THE COURT
Memorandum.
Ordered that the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals from an order which granted defendant’s motion to strike the notice of trial and compel disclosure to the extent of striking the notice of trial unless plaintiff provided discovery of certain financial documents and thereafter produced its owner, Valentina Anikeyeva, for an examination before trial, and denied plaintiffs cross motion for a protective order and the imposition of sanctions. At issue on this appeal is whether defendant’s failure to assert a defense pursuant to State Farm Mut. Auto. Ins. Co. v Mallela (4 NY3d 313 [2005]) precludes it from seeking discovery related to that defense. We conclude that, based on the record before us, defendant made sufficient allegations of fraudulent incorporation to warrant disclosure.
It is well settled that a party is entitled to full disclosure of all matter that is “material and necessary in the prosecution or defense of an action” (CPLR 3101 [a]). What is “material and necessary” is left to the sound discretion of the court and includes “any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason” (Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406 [1968]; Young v Tierney, 271 AD2d 603 [2000]). Where, as here, an insurer requests discovery concerning a Mallela defense, the request should be granted as long as there are sufficient allegations supporting such a defense (see e.g. Kipor Medicine, P.C. v GEICO, 28 Misc 3d 129[A], 2010 NY Slip Op 51247[U] [App Term, 2d, 11th & 13th Jud Dists 2010]; Midborough Acupuncture P.C. v State Farm Ins. Co., 13 Misc 3d 58 [App Term, 2d & 11th Jud Dists 2006]; Lexington Acupuncture, P.C. v State Farm *44 Ins. Co., 12 Misc 3d 90 [App Term, 2d & 11th Jud Dists 2006]). A Mallela defense is nonwaivable and may be asserted at any time notwithstanding the absence of a timely denial (see Midwood Acupuncture, P.C. v State Farm Mut. Auto. Ins. Co., 14 Misc 3d 131[A], 2007 NY Slip Op 50052[U] [App Term, 2d & 11th Jud Dists 2007]).
Here, although defendant never moved to amend its answer to assert a defense based on fraudulent incorporation, it asserted sufficient allegations of fraudulent incorporation. Defendant cited to several cases against a different insurer involving corporations purportedly owned by Ms. Anikeyeva. In some of those cases, the defendant insurer had submitted an affidavit from its investigator which was sufficient to entitle the insurer to discovery on the issue of fraudulent incorporation (see e.g. Lexington Acupuncture, P.C. v State Farm Ins. Co., 12 Misc 3d 90 [2006]). Defendant included, as part of its motion papers, copies of the investigator affidavits from those cases, which set forth Ms. Anikeyeva’s close connection with individuals and corporations charged with insurance fraud. Since defendant presented adequate allegations of fraudulent incorporation, the Civil Court did not abuse its discretion in granting those branches of defendant’s motion seeking to compel disclosure on that issue and in denying plaintiffs cross motion for a protective order and the imposition of sanctions (see Kipor Medicine, P.C. v GEICO, 28 Misc 3d 129[A], 2010 NY Slip Op 51247[U] [2010]).
Accordingly, the order is affirmed.