OPINION OF THE COURT
Katherine A. Levine, J.
In 2004, plaintiff Downtown Acupuncture, a medical services provider, filed this action to recover assigned first-party no-fault benefits for acupuncture services in the amount of $914.33 from defendant State Wide Insurance Co. Citing to a declara *463 tory judgment by Supreme Court, Nassau County involving a different insurance company—State Farm Mutual Ins. Co.— that found the instant plaintiff and other acupuncture professional corporations (PCs) to be unlawfully incorporated, defendant argued that plaintiff was collaterally estopped from arguing that it was eligible to recover assigned no-fault benefits in the instant matter and moved to dismiss the complaint with prejudice. It is salient to note that defendant State Wide did not move to amend its answer to include collateral estoppel as an affirmative defense or raise at any time the defense of fraudulent incorporation. This action therefore raises the issue of whether under this set of facts, a defendant insurance company, which was not a party to a previous declaratory judgment action, may proactively invoke collateral estoppel to bar a plaintiff medical provider, which was a party to the previous action, from recovering no-fault benefits due to the finding of fraudulent incorporation.
In March 2010, State Farm brought an action in Supreme Court, Nassau County for a declaratory judgment (State Farm Mut. Ins. Co. v Anikeyeva, Sup Ct, Nassau County, Jaeger, J., index No. 4399/2010 [declaratory judgment]) that alleged that the instant plaintiff Downtown, as well as a number of other acupuncture PCs, were not owned and controlled by licensed acupuncturists, as required by New York law and regulations, and that the services provided therein were performed by independent contractors, also in violation of the state regulations. Specifically, the complaint alleged that in 2004, defendant received no-fault claims from a number of corporations owned by one Valentina Anikeyeva, a licensed acupuncturist. State Farm’s investigation revealed that Valentina formed professional corporations for her husband, Andrey, who was not licensed in New York State to operate, own, and control the acupuncture businesses and that Andrey, in turn, hired independent contractors to perform acupuncture services at the PC defendants’ offices. State Farm sought declaratory judgment that it need not reimburse the PC defendants for assigned claims submitted under the no-fault law.
At some point the parties in the declaratory judgment action entered into a stipulation, so-ordered on November 20, 2012, which granted plaintiff’s motion to compel discovery and conditionally struck defendant PCs’ answer unless they fully complied with all of the discovery demands. In relevant part, Justice Jaeger directed that “[PC defendants’] answer is conditionally stricken unless Defendants fully comply with all *464 of [State Farm’s] discovery demands by [January 7, 2013].” Plaintiff State Farm subsequently moved for a default judgment based upon the PCs noncompliance with discovery.
By decision dated April 29, 2013 (2013 NY Slip Op 34010 [U] [2013]), Justice Jaeger granted State Farm’s motion to strike the defendants’ answer resulting in the nonappearance of the defendants and entitling plaintiff to a judgment of default. In so ruling, the court found that the PC defendants’ pattern of noncompliant behavior was “willful and contumacious.” (2013 NY Slip Op 34010 [U], *11.) He also noted that defendants had stipulated to the consequences of their conduct and “proffered no adequate excuse for their noncompliance [with discovery]” (2013 NY Slip Op 34010[U], *13). Moreover, the defendants attempted to avoid the consequences of the conditional order by serving responses about a month late which were “evasive, unresponsive and consisting mostly of objections.” (Id.)
Despite defendants’ default, Justice Jaeger noted that the court still had to reach the legal conclusion that plaintiff’s now undisputed factual allegations established a prima facie case. (2013 NY Slip Op 34010[U], *14, citing to Walley v Leather-stocking Healthcare, LLC, 79 AD3d 1236 [3d Dept 2010].) After reviewing the voluminous record (see id. at *6 n 2). Justice Jaeger concluded that plaintiff had established a prima facie case of fraudulent incorporation in that defendants had violated both Business Corporation Law §§ 1507 and 1508 and 11 NYCRR 65-3.16 and 65-3.11 (a):
“In sum, the overwhelming evidence indicates that the PC. defendants were not owned and controlled by a licensed acupuncturist, therefore rendering them ineligible to receive reimbursement, and to collect payment on outstanding claims. Additionally, a billing provider which utilizes an independent contractor to provide the services in question, is not a ‘provider’ of the services in question and is not entitled to recover direct payment of assigned no-fault benefits from the defendant insurer.” (2013 NY Slip Op 34010[U], *18.)
Furthermore, on May 31, 2013, Justice Jaeger signed an order granting judgment to State Farm by default against all PC defendants, including Downtown. The order stated that “[the PC defendants] are unlawfully incorporated and are not entitled to collect No-Fault Benefits for any charges which they *465 have submitted to State Farm” and that “State Farm is not obligated to pay the PC defendant” or their assignors for any health benefits provided. The order also decreed that “the PC defendants are not entitled to collect, and State Farm is not obligated to pay, No-Fault benefits for any charges that the PC defendants submitted to State Farm as such professional health services were provided by independent contractors or other non-employees of the PC defendants.” (Defendants’ exhibit A2.) The order with notice of entry was apparently served upon Gary Tsirelman, PC., the attorney for then defendants Anikeyeva and Downtown and current attorney for plaintiffs herein. The Second Department affirmed this decision finding that defendants had failed to demonstrate reasonable excuse for their default in complying with the terms of the conditional order and a meritorious defense to the complaint. (State Farm Mut. Auto. Ins. Co. v Anikeyeva, 130 AD3d 1007, 1008 [2015].)
Before the instant trial began in late 2014, the defendant moved to have the case dismissed based on the doctrine of collateral estoppel. Defendant argued that Justice Jaeger’s order and decision precluded Downtown from arguing that it is eligible to receive no-fault benefits. Although defendant discussed its intention to utilize collateral estoppel in a pretrial conference, it never sought leave to amend its answer. In its brief, Downtown argued that defendant is barred from raising collateral estoppel because of defendant’s failure to amend its answer and the inapplicability of collateral estoppel in this case. Plaintiff also argued that collateral estoppel should not apply because the prior judgment was granted on default.
Collateral Estoppel or Issue Preclusion
It is well settled that a party may invoke the common-law doctrine of collateral estoppel to preclude another party from relitigating in a subsequent proceeding an issue clearly raised in a prior action and decided against that party or those in privity, whether or not the causes of action are the same. (In re Ferrandina, 533 BR 11 [ED NY 2015]; Ryan v New York Tel. Co., 62 NY2d 494, 500 [1984]; Lavian v Bleier, 2010 NY Slip 31542[U] [Sup Ct, NY County 2010]; see Abrahams v Commonwealth Land Tit. Ins. Co., 120 AD3d 1165 [2d Dept 2014].) The issue must have been essential to the decision rendered in the first action and must be the point to be decided in the second action such that “a different judgment in the second would destroy or impair rights or interests established in the *466 first.” (Psychology YM P.C. v Travelers Prop. Cas. Ins. Co., 33 Misc 3d 1201 [A], 2011 NY Slip Op 51744[U], *2 [2011], citing Ryan at 501.)
Collateral estoppel bars relitigation of an issue when “[1] the identical issue [was] . . . decided in the prior action and [is] decisive [in] the present action, and [2] the party to be precluded from relitigating the issue . . . had a full and fair opportunity to contest the prior [issue].” (Kaufman v Eli Lilly & Co., 65 NY2d 449, 455 [1985]; see also Evans v Ottimo, 469 F3d 278, 281 [2d Cir 2006]; Gramatan Home Invs. Corp. v Lopez, 46 NY2d 481, 485 [1979].) The proponent of collateral estoppel must demonstrate the identity of the issues whereas the party seeking to defeat its application has the burden of establishing the “absence of a full and fair opportunity to contest the prior determination.” (Buechel v Bain, 97 NY2d 295, 304 [2001]; Kaufman, 65 NY2d at 456; see Jeffreys v Griffin, 1 NY3d 34, 39 [2003]; Morrow v Gallagher, 113 AD3d 827, 828-829 [2d Dept 2014]; Nappy v Nappy, 100 AD3d 843, 845 [2d Dept 2012]; Windowizards, Inc. v S & S Improvements, Inc., 11 Misc 3d 130[A], 2006 NY Slip Op 50310[U], *2-3 [App Term, 2d Dept, 2d & 11th Jud Dists 2006].)
As to the first prong, preclusive effect will only be given where the particular issue was “actually litigated, squarely addressed and specifically decided.” (Crystal Clear Dev., LLC v Devon Architects of N.Y., P.C., 97 AD3d 716, 717-718 [2d Dept 2012].) To satisfy the “actually litigated” prong of this test, it “must have been properly raised by the pleadings or otherwise placed in issue and actually determined in the prior proceeding.” (Evans v Ottimo, 469 F3d at 282, citing D'Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d 659, 667 [1990]; Matter of Abady, 22 AD3d 71, 81 [1st Dept 2005].) For an identity of issues to exist, the issues presented must involve substantially identical legal theories and causes of action, and have no significant factual differences. (Kaufman, 65 NY2d at 455; see also Restatement [Second] of Judgments § 27, Comment c [1982] [court should consider whether there is substantial overlap between the evidence or argument, whether the new evidence or argument involves application of the same rule of law, whether pretrial preparation and discovery relating to the matter presented in the first action could be reasonably expected to have embraced the matter sought to be presented in the second, and how closely related the claims involved in the two proceedings are].)
*467 As to the second prong, a determination as to whether a full and fair opportunity was provided requires consideration of the “realities of the prior litigation” including the importance of the claim in the prior litigation, the forum and extent of the litigation, the incentive and initiative to litigate, the competence and expertise of counsel and the forseeability of future litigation. (Psychology YM at 5-6, citing to Ryan at 501; Gilberg v Barbieri, 53 NY2d 285, 292 [1981]; see Focus Radiology, P.C. v New York Cent. Mut. Ins. Co., 24 Misc 3d 126[A], 2009 NY Slip Op 51218 [U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009].) An issue is not actually litigated if “there has been a default, a confession of liability, [a failure to provide discovery], a failure to place a matter in issue by proper pleading or even because of a stipulation” (Kaufman at 456-457; Matter of Abady at 83), and therefore a dismissal on these grounds will not usually be on the merits so as to bar a subsequent identical action. (Choicenet Chiropractic, P.C. v Clarendon Ins. Co., 24 Misc 3d 1216[A], 2009 NY Slip Op 51472[U] [Civ Ct, Richmond County 2009].)
A limited exception applies “where the party against whom collateral estoppel is sought to be invoked has appeared in the prior action or proceeding and has, by deliberate action, refused to defend or litigate the charge or allegation that is the subject of the preclusion request.” (Matter of Abady, 22 AD3d at 83-84; see Kalinka v Saint Francis Hosp., 34 AD3d 742, 744 [2d Dept 2006] [res judicata applies where dismissal in prior action was upon the grant of an order of preclusion after court determined that Kalinka willfully and contumaciously failed to comply with disclosure]; Kanat v Ochsner, 301 AD2d 456, 458 [1st Dept 2003] [collateral estoppel applies to judgment obtained upon default where defendants appeared and answered in prior action and engaged in extensive motion practice caused in large part by their “wilful and contumacious pattern of selective, partial responses to . . . pretrial discovery demands.” They therefore had a full and fair opportunity to fully litigate the underlying merits of the prior action “but affirmatively chose not to by their own failure to comply with court orders”]; Matter of Latimore, 252 AD2d 217 [1st Dept 1999] [collateral estoppel applies where respondent had ample opportunity to contest allegations in prior action yet allowed a default judgment to be entered against her and then failed to persuade the court to vacate said default].) To that end, a judgment issued as a result of preclusion after a party has refused to comply with discovery *468 “is in fact a judgment on the merits” and must be given collateral effect. (Lavian v Bleier, 2010 NY Slip 31542[U], *6; see Strange v Montefiore Hosp. & Med. Ctr., 59 NY2d 737 [1983].)
Collateral estoppel may be invoked offensively as a sword in subsequent litigation by a nonparty to the prior litigation, provided that the party seeking to apply collateral estoppel can show that his opponent participated in the prior litigation and had a full opportunity to litigate the action on its merits. (B. R. DeWitt, Inc. v Hall, 19 NY2d 141, 147-148 [1967]; see also Windowizards, 11 Misc 3d 130[A], 2006 NY Slip Op 50310[U], *6 [App Term, 2d Dept, 2d & 11th Jud Dists 2006]; Klein v Gutman, 38 Misc 3d 1211[A], 2012 NY Slip Op 52427[U] [Sup Ct, Kings County 2012]; Uptodate Med. Servs., P.C. v State Farm Mut. Auto. Ins. Co., 23 Misc 3d 42 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009] [where insurer offensively utilized collateral estoppel based on prior declaratory action finding the provider was fraudulently incorporated].) Again, the proponent of collateral estoppel must show that the decisive issue was necessarily decided in the prior action and the party opposing collateral estoppel must show the absence of a full and fair opportunity to litigate the issue at hand. (Windowizards, 2006 NY Slip Op 50310[U], *4, citing Buechel v Bain, 97 NY2d at 304.)
Discussion
In the instant proceeding, defendant State Wide seeks to use collateral estoppel against Downtown based upon a declaratory judgment, granted on default, that Downtown and other PC defendants were unlawfully incorporated and therefore not entitled to receive no-fault benefits. The predicate for the Supreme Court finding was that the purported owner of Downtown and other acupuncture PCs, Valentina Anikeyeva, did not actually own and control the PCs which were actually owned and controlled by unlicensed acupuncturists, in violation of New York law and regulations, and that the services provided therein were performed by independent contractors also in violation of the state regulations. As set forth above, State Wide may assert this doctrine even though it was not a party to the previous action brought by a different insurance company—State Farm—because Downtown was a party to the prior action.
In the prior proceeding, Downtown Acupuncture and its purported owner had more than a full and fair opportunity to litigate the issue of fraudulent incorporation. Downtown *469 submitted answers in the declaratory judgment action, was represented by the same attorney appearing on behalf of Downtown herein, and had ample opportunity to comply with Justice Jaeger’s conditional order of preclusion. Justice Jaeger found that all of the PCs, including Downtown, had engaged in “willful and contumacious” behavior by failing to comply with plaintiff’s discovery demands and his conditional order of preclusion. He also found that defendants had stipulated to the consequences of their conduct and proffered “no adequate excuse for their noncompliance.” Finally, rather than merely basing his decision on defendants’ default, Justice Jaeger searched the record based upon plaintiff’s “now undisputed factual allegations” and found that plaintiff had legally made out a prima facie case of fraudulent incorporation.
However, at this juncture, defendant State Wide cannot meet the first prong of the test for collateral estoppel—that there is “an identity of issues” between the two cases involving the same legal theories and causes of actions. State Wide never amended its answer to include the defense of unlawful incorporation and thus has not met the threshold of even raising the issue of fraudulent incorporation. As it has not raised the issue, it cannot now argue that there is an identity of issues warranting collateral estoppel. It must first amend its answer.
The defense of fraudulent incorporation, also known as the “Mallela defense/’* is a “statutory defense” arising from a claimant’s failure to comply with the Business and Education Laws, as opposed to a policy exclusion or extent of coverage issue provided by a contract of exclusion. (Manhattan Med. Imaging, P.C. v State Farm Mut. Auto. Ins. Co., 20 Misc 3d 1144[A], 2008 NY Slip Op 51844[U] [Civ Ct, Richmond County 2008], citing Eastern Med., P.C. v Allstate Ins. Co., 19 Misc 3d 775 [Dist Ct, Nassau County 2008].) Healthcare service providers are not eligible to receive no-fault benefits if they are incorporated in violation of the applicable New York licensing require *470 ments contained in Business Corporation Law §§ 1507, 1508 and Education Law § 6507 (4) (c) (I). (See Liberty Mut. Ins. Co. v Excel Imaging, P.C., 879 F Supp 2d 243, 256 [ED NY 2012]; Concourse Chiropractic, PLLC v State Farm Mut. Ins. Co., 35 Misc 3d 1213[A], 2012 NY Slip Op 50676[U], *4-5 [Dist Ct, Nassau County 2012] [“The factual foundation of a Mallela defense involves proof that persons not licensed to practice the profession for (which) the professional corporation . . . was formed are the actual owner or are actually controlling the operation of the business”]; Multiquest, P.L.L.C. v Allstate Ins. Co., 17 Misc 3d 37, 39 [App Term, 2d Dept, 2d & 11th Jud Dists 2007].) “Nor may a medical services corporation bill for services provided by physicians who are not employees of the corporation, such as independent contractors.” (Liberty Mut. Ins. Co., 879 F Supp 2d at 257; see 11 NYCRR 65-3.11 [a].)
The Mallela defense is not subject to preclusion and hence is non-waivable. (Lexington Acupuncture, P.C. v General Assur. Co., 35 Misc 3d 42, 48 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]; see Lexington Acupuncture, P.C. v State Farm Ins. Co., 12 Misc 3d 90, 92 [App Term, 2d Dept, 2d & 11th Jud Dists 2006]; Concourse Chiropractic, PLLC v State Farm Mut. Ins. Co., 35 Misc 3d 1213[A], 2012 NY Slip Op 50676[U], *5 [Dist Ct, Nassau County 2012]; Manhattan Med. Imaging, P.C. v State Farm Mut. Auto. Ins. Co., 20 Misc 3d 1144[A], 2008 NY Slip Op 51844[U] [Civ Ct, Richmond County 2008].) A defendant may plead this defense at any time since the courts have interpreted 11 NYCRR 65-3.16 (a) (12) to bar reimbursement of no-fault benefits without regard to when the services were rendered. (Multiquest, P.L.L.C. v Allstate Ins. Co., 17 Misc 3d 37, 39 [App Term, 2d Dept, 2d & 11th Jud Dists 2007], citing Allstate Ins. Co. v Belt Parkway Imaging, P.C., 33 AD3d 407, 408 [1st Dept 2006]; Urban Radiology, P.C. v GEICO Ins. Co., 28 Misc 3d 1230[A], 2010 NY Slip Op 51554[U], *1 [Civ Ct, Kings County 2010].) A court may even grant a motion for summary judgment on this unpleaded defense where a plaintiff has not asserted any surprise or prejudice. (Multiquest, P.L.L.C. v Allstate Ins. Co., 17 Misc 3d at 39; see also Ingordo v Square Plus Operating Corp., 276 AD2d 528 [2d Dept 2000].) Therefore, even if defendants did not include the Mallela defense in their answer they could raise it before the trial.
However, defendant is two steps removed from asserting collateral estoppel in the instant matter. The proper way to assert a claim of fraudulent incorporation is to plead it as a defense *471 to an action to obtain reimbursement of assigned no-fault benefits or to bring a declaratory action seeking judgment that the provider is not eligible to obtain no-fault benefit because it has failed to comply with the licensing requirements of 11 NYCRR 65-3.16 and 65-3.11 (a). (Concourse Chiropractic, PLLC v State Farm Mut. Ins. Co., 35 Misc 3d 1213[A], 2012 NY Slip Op 50676[U], *6 [Dist Ct, Nassau County 2012].) Here, defendant never even sought to amend its answer to include the Mallela defense and must do so prior to even raising collateral estoppel as an affirmative defense.
Similarly, collateral estoppel is an affirmative defense that should generally be pleaded in the answer or a pre-answer motion to dismiss. (CPLR 3018, 3211 [a] [5]; see also Surlak v Surlak, 95 AD2d 371, 383 [2d Dept 1983].) While the courts have considerable discretion to permit amendment of pleadings in the absence of a showing of prejudice (CPLR 3025 [b]; see also Aurora Loan Servs., LLC v Dimura, 104 AD3d 796, 796 [2d Dept 2013]; Worthen-Caldwell v Special Touch Home Care Servs., Inc., 78 AD3d 822, 823 [2d Dept 2010]), the proponent seeking to amend the pleadings must make a formal motion. (See Laundry v Bolton, 43 Misc 3d 1205[A], 2014 NY Slip Op 50498 [U] [Sup Ct, Rings County 2014]; Fernandez v The New Happy Nail, Inc., 2014 WL 8735152 [Sup Ct, Queens County 2014]; CPLR 3025 [b].)
This court cannot even entertain defendant’s request for collateral estoppel until it seeks to amend its answer to raise Mallela as a defense and hence create an apparent identity of issues between the declaratory judgment action and the instant matter. In the same motion to amend it can also assert collateral estoppel. After defendant formally moves to amend, plaintiff will be afforded the opportunity to argue how it would be prejudiced by such a motion. The court is quite dubious that plaintiff will be able to show any prejudice or surprise since the Appellate Term noted as early as 2012 that “[t]here exists a rich history of litigation, involving a multitude of cases before the Appellate Term, in which health care facilities allegedly owned by Ms. Anikeyeva have been asked to supply Mallela discovery.” (Lexington Acupuncture, P.C., 35 Misc 3d at 49 [Golia, J. concurring].) However, sometimes form over substance does matter and plaintiff must be afforded the opportunity to argue prejudice or disclaim the apparent identity of issues.

 In State Farm Mut. Auto. Ins. Co. v Mallela (4 NY3d 313 [2005]), the Court of Appeals held that professional corporations that are improperly incorporated or licensed are ineligible to recover no-fault benefits and that insurance carriers may withhold payment for medical services provided by fraudulently incorporated enterprises to which patients have assigned their claims. At issue in Mallela was the prohibition of “nonphysicians . . . owning or controlling medical service[s] corporations.” (Id. at 321; see Lexington Acupuncture, P.C. v General Assur. Co., 35 Misc 3d 42, 45 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012].)