Bank of Am., N.A. v Jones (2024 NY Slip Op 50321(U))

[*1]

Bank of Am., N.A. v Jones

2024 NY Slip Op 50321(U)

Decided on March 26, 2024

Supreme Court, Suffolk County

Hackeling, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 26, 2024
Supreme Court, Suffolk County

Bank of America, N.A., Plaintiff,

against
Gale Jones a/k/a GALE L. JONES, JOHN DOE, said name being fictitious it being the intention of plaintiff to designate any and all occupants of premises being foreclosed herein and any parties, corporations or entities if any having or claiming an interest or lien upon the mortgaged premises, Defendants.

Index No. 607643/2019 

PLAINTIFF'S ATTORNEYS:
Akerman, LLP
1251 Avenue of the Americas, 37th Floor
New York, New York 10020
DEFENDANT'S ATTORNEYS:
Christopher Thompson, Esq.
Attorney for Gale Jones
33 Davison Lane
West Islip, New York 11795
Hon. Letitia James
Office of the New York State 
Attorney General
The Capitol Albany, New York 12224-0341

C. Stephen Hackeling, J.

Upon the following papers read on this e-filed motion for summary judgment: Notice of Motion/Order to Show Cause and supporting papers [NYSCEF Doc. Nos. 52 - 54]; Answering Affidavits and supporting papers [NYSCEF Doc. Nos. 56 - 58]; and Replying Affidavits and supporting papers [NYSCEF Doc. No. 60] it is
ORDERED that defendant's application for summary judgment pursuant to CPLR § 3212 (motion sequence no. 003) dismissing plaintiff's cause of action as stated in its complaint dated September 19, 2012 as time barred is granted [NYSCEF Doc No. 2] and the plaintiff's complaint is dismissed.
FACTS
The undisputed, relevant facts presented in this action are as follows:
Plaintiff, Bank of America, N.A. (hereinafter the "Bank") accelerated an approximate $260,950 mortgage loan when it filed a foreclosure action on February 16, 2010 [NYSCEF Doc. No. 14]. Said action was unilaterally discontinued by the Bank on July 2, 2013 [NYSCEF Doc. No. 15]. Defendant Gale Jones (hereinafter the "Borrower") was again declared in default when this action, a second foreclosure case, was commenced on April 19, 2019 [NYSCEF Doc. No. 2]. After vacating the Borrower's default in answering pursuant to an Order dated June 15, 2020 [NYSCEF Doc. No. 23], an answer was interposed including the affirmative defense of the statute of limitations. By correspondence dated January 25, 2024 the New York State Attorney General declined intervention in this motion [NYSCEF Doc. No. 59].
ISSUE PRESENTED
Are the loan funds owed to the Bank by the Borrower under its Note and Mortgage dated October 21, 2008 time barred by virtue of the retroactivity provisions of CPLR §§ 203(h) and 3217, as amended by FAPA?
FAPA
New York State enacted the Foreclosure Abuse and Prevention Act (hereinafter "FAPA") effective December 30, 2022. This Act amended six statutes. Two of said amendments are relevant to this action and are CPLR §§ 203(h) and 3217(e), which were added as new subsections and provide as follows:
§ 203(h)
(h) Claim and action upon certain instruments. Once a cause of action upon an instrument described in subdivision four of section two hundred thirteen of this article has accrued, no party may, in form or effect, unilaterally waive, postpone, cancel, toll, revive or reset the accrual thereof, or otherwise purport to effect a unilateral extension of the limitations period prescribed by law to commence an action and to interpose the claim, [*2]unless expressly prescribed by statute.
§ 3217(e):
(e) Effect of discontinuance upon certain instruments. In any action described under subdivision four of section two hundred thirteen of this chapter, the voluntary discontinuance of such action, whether on motion, order, stipulation or by notice, shall not, in form or effect, waive, postpone, cancel, toll, extend, revive or reset the limitations period to commence an action and to interpose a claim, unless expressly prescribed by statute.
The crux of the Borrower's statute of limitations argument is that FAPA overruled the Court of Appeals decision in Freedom Mortgage Co. v Engel, 37 NY3d 1 (2021) and retroactively established that the Bank's unilateral mortgage foreclosure action discontinuance on July 2, 2013 did not deaccelerate the prior 2010 acceleration of the loan thereby resetting the statute of limitations. As the Bank's acceleration occurred on February 16, 2010, The Borrower argues that the CPLR § 213(4) six-year statute of limitations expired on February 16, 2016. The Bank asserts that FAPA's change of the law via a retroactivity clause violates the "due process"[FN1]
, "impairment of contract" and "unjust takings" clauses in the United States Constitution. The Court disagrees.
This Court has previously opined upon the evoluntionary erosion of the unconstitutionality of the retroactive application of FAPA as it pertains to a foreclosing lender's due process "vested rights." See, Wilmington Savings Bank v Gawlowski, 81 Misc 3d 683 [Sup. Ct. Suf. County 2023]. Under modern judicial precedent, the Legislature may retroactively impair a vested right as long as it has a "legitimate legislative purpose furthered by rational means" for doing so.[FN2]
 Gen. Motors Corp. v Roman, 503 US 181, 191 (1992); Pension Benefit Guaranty Corp. v Oregon-Washington Carpenters-Employees Pension Trust Fund, 467 US 717, 733 (1984); Bayview Loan Serv. v Dalal, 80 Misc 3d 1100 [Sup. Ct. Bronx County 2023] citing to Regina Metro Co. v New York State Div. of Housing and Community Renewal, 35 NY3d 332, 375 (2020) and American Economy Insurance Co. v State of New York, 30 NY3d 136 (2017).
The threshold dispositive constitutional issue presented is, what "vested right" did the Bank have that was divested by FAPA's enactment of CPLR §§ 203(h) and 3217(e)?
It is undisputed that the Bank accelerated the subject FHA mortgage loan, via notice in its complaint, when it commenced its first foreclosure action on February 16, 2010. Thereafter, it unilaterally discontinued said action on July 2, 2013, and recommenced the second foreclosure action on April 19, 2019. The state of New York law concerning "unilateral deacceleration" on April 19, 2019 was at best unsettled and at worst contrary to the Court of Appeals Freedom Mortgage Co. v Engel, 37 NY3d 1 (2021) decision of February 18, 2021, which reversed the underlying Second Department Appellate Division's July 11, 2018 holding that a mortgage deacceleration could not be done unilaterally. Freedom Mortgage Co. v Engel, 163 AD3d 631 (2d Dept 2018). The Appellate Division's Engel holding was consistent with its other subsequent [*3]decisions in Bank of New York Mellon v Dieudonne, 171 AD3d 34 (2d Dept 2019) and Ditech Fin. v Naidu, 175 AD3d 1387 (2d Dept 2019), which held a deaccelerated mortgage could not unilaterally be deaccelerated by the lender without some other affirmative act of the Borrower, i.e., a payment or proof of written consent. In the present case, there is no evidence of the Borrower's affirmative act. Accordingly, the law on the day the Bank commenced its second foreclosure in 2019 was that its mortgage foreclosure action was unsustainable because it was time barred after February 16, 2016. Clearly, the Bank did not have a "vested right" in the status of the law but - at best - it had only a hope that the Court of Appeals might reverse the Engel/Ditech/Dieudonne Appellate Division's no deacceleration cases.
FAPA's enactment of §§ 203(h) and 3217(e) in December 2022 did not impair the Bank's vested right to foreclose an already time-barred mortgage. The possibility of a reversal on the law is too speculative to constitute a vested right. To the extent that the Bank alleges that FAPA vacated rights vested by the Court of Appeals in its subsequent Engel decision it, "did not have any particular... interest so vested as to entitle it to keep the rule unchanged." I.L.F.Y. Co. v Temporary State Hous. Rent Commn., 10 NY2d 263, 270 (1961) citing to Preston Co. v Funkouser, 261 NY 140 (1935); Traux v Corrigan, 42 S. Ct. 124 (1921). In any event, at best, "[t]he law prior to Engel was unclear, so plaintiff did not have a vested right" to be able to unilaterally manipulate the statute of limitations. See, Allstate Ins. Co. v Belt Parkway Imaging, P.C., 33 AD3d 407, 409 (1st Dept 2006) for the proposition that unsettled law does not create a new vested right where none existed before. Without an impaired vested interest, the Court need not consider the rationality of the retroactivity of the subject statutes.[FN3]

As such, the Court is compelled to find that FAPA, in the circumstances of this case, can be retroactively applied; and that such application is constitutional. Premised thereon, the Bank's 2013 unilateral deacceleration was ineffective in resetting the statute of limitations. Accordingly, its 2019 complaint was barred from enforcement after February 16, 2016 by the NY CPLR § 213(1) statute of limitations.
The Court summarily determines that the Bank's "impairment of contract" and "unjust takings" constitutional challenges are unfounded. The subject FHA mortgage contains no "contractual provision" which was impaired by FAPA.[FN4]
 Similarly, no vested property interest was "unjustly taken." See, HSBC N.A., et al. v IPA Asset Management LLC, 79 Misc 3d 821 [Sup. Ct. Suf County 2023].
The Borrower's application for summary judgment is granted and the Bank's complaint is dismissed without costs and without an award of attorney's fees to either party.
Dated: March 26, 2024
HON. C. STEPHEN HACKELING, J.S.C.

Footnotes

Footnote 1:New York State's Constitution, Article 1, Sec. 6 due process clause is also invoked.

Footnote 2:This doctrine, as detailed in the Gawlowski decision, does not apply to "final orders."

Footnote 3:This situation is different from a legislative act to reduce an existing statute of limitations or even to add a new requirement to an existing statute like the Gen. Oblig. Law § 17-105 FAPA amendment. In those instances, the Bank would have had a viable cause of action on the day it filed its complaint, as distinct from the present case, which it did not. It is conceivable that a vested rights due process challenge could be sustained as to the FAPA amendment to Gen. Oblig. Law as a pre-FAPA statute specifically allowed for resetting the statute of limitations without the Borrower's written consent.

Footnote 4:The Borrower cites to par. 9 of the mortgage and the Bank's cites par. 19 of the mortgage. Neither paragraph grants the unilateral right to deaccelerate the loan.